STATE of Wisconsin, Plaintiff-Respondent,

v.

Ricki G. KRUEGER, Defendant-Appellant.

Court of Appeals

No. 83-2074-CR. Submitted on briefs May 3, 1984.—
Decided May 10, 1984.
(Also reported in 351 N.W.2d 738.)

For the defendant-appellant the cause was submitted on the briefs of *James M. Jannetta* and *Getzin & Jannetta* of Wausau.

For the plaintiff-respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Jerome S. Schmidt,* assistant attorney general.

Before Bablitch, J., Dykman, J., and Bruce F. Beilfuss, Reserve Judge.

BEILFUSS, Reserve Judge. The defendant-appellant (hereinafter "appellant") appeals from a judgment of sentence and order denying his motion for modification of sentence. The issue is whether the trial court correctly

denied the appellant's motion, without holding a hearing, after concluding that the motion was untimely and without merit. We affirm.

Ricki G. Krueger was convicted of homicide by reckless conduct under sec. 940.06(1), Stats., and criminal damage to property under sec. 943.01(2)(d), Stats., after pleading guilty to both charges. The charges arose out of an incident which occurred in the early morning hours of July 30, 1982, when a fire destroyed a house and one of the occupants died as a result of burns.

A criminal complaint was issued on August 2, 1982 by the Portgage County District Attorney. An information was filed on August 20, 1982, alleging violations of secs. 943.02(1)(a) and 940.06(1), Stats. On February 9, 1983, the appellant entered guilty pleas to the charges contained in an amended information filed that day. He was convicted of those charges. A presentence investigation was ordered.

The appellant was sentenced on April 21, 1983, to forty-two months imprisonment on the homicide charge and two years imprisonment on the criminal damage charge, to run concurrently.

Transcripts were certified August 4 and filed with the court August 5, 1983. The appellant moved for modification of sentence on September 27, 1983, alleging that the sentence was unduly harsh, excessive, and not based on law, and that two factors not in existence at the time of sentencing should be considered by the court.

The trial court denied the motion without a hearing, holding that the motion was untimely and meritless. The present appeal was taken from that order.

## TIMELINESS OF MOTION

The trial court determined that the motion was untimely because it had been filed more than ninety days

after the sentencing. The ninety-day limit was first enunciated in *Hayes v. State*, 46 Wis. 2d 93, 175 N.W.2d 625 (1970), where the court was asked to determine the appropriate time limit for moving to modify a sentence. The court concluded that a ninety-day limit after sentencing was appropriate by equating the ninety-day limit for filing a motion for a new trial contained in then-applicable sec. 974.02, Stats. 1969 (effective July 1, 1970). *Id.* at 106, 175 N.W.2d at 631.

Section (Rule) 809.30, Stats., which was promulgated by the Wisconsin Supreme Court in 1978, sets forth a procedure for filing appeals and postconviction motions in felony cases. The time limits under sec. (Rule) 809.30 were extended by the Supreme Court in 1981, effective January 1, 1982.

The procedure applicable to the present case under this Rule requires that a defendant request representation by the public defender within forty-five days of sentencing if he claims or appears to be indigent. The state public defender must determine indigency, appoint counsel, and order a transcript. Sec. (Rule) 809.30(1)(c), Stats.[1] The court reporter must file the transcript within sixty days after the ordering and may ask for an extension. Sec. (Rule) 809.30(1)(e). The defendant must file postconviction motions within sixty days after service of the transcript. Sec. (Rule) 809.30(1)(f). Theoretically, 165 days may elapse between sentencing and the filing of a motion under this section, or longer if the court reporter obtains an extension.[2]

---

[1] Section (Rule) 809.30(1)(c), Stats., was amended effective July 1, 1983, to provide that the state public defender shall within sixty days of notification by the defendant determine the defendant's indigency and appoint counsel as provided in ch. 977, Stats., and at the same time request the court reporter to prepare a transcript.

[2] The Judicial Council is exploring rules which would require the basic decisions about appeal and postconviction motions to be

Section (Rule) 809.30(1)(a), Stats., provides that a motion for postconviction relief by a defendant in a felony case must be taken in accordance with this subsection. Further, the Judicial Council's 1978 comments indicate that the term "postconviction relief" as used in this Rule includes reduction of sentence. For issues on appeal to be considered as a matter of right, postconviction motions must be made under sec. (Rule) 809.30, except in challenges to the sufficiency of the evidence under sec. 974.02(2), Stats. *State v. Monje*, 109 Wis. 2d 138, 153a, 325 N.W.2d 695, 327 N.W.2d 641, 641 (1982) (on reconsideration).[3]

We conclude that the *Hayes* time limit for filing a motion to reduce a sentence has been superseded by sec. (Rule) 809.30, Stats.

Our conclusion is bolstered by the fact that the *Hayes'* ninety-day rule was based on the then-applicable time limit for moving for a new trial under sec. 974.02, Stats. 1969. This section was amended in 1978 to provide that "a motion for post-conviction relief in a felony case must be taken in the time and manner provided in ss. 809.30 and 809.40." Sec. 974.02(1).

---

made by trial counsel. The Council is also considering a draft which will reduce the time period for initiating the appellate process from forty-five days to ten days after sentence and requiring the document which initiates the process to be a notice of appeal or postconviction motion instead of a request for public defender representation. The Council notes indicate that the present rules seem to operate inefficiently. *See* Judicial Council Minutes, March 16, 1984.

[3] *State v. Monje*, 109 Wis. 2d 138, 153a, 325 N.W. 625, 327 N.W. 2d 641, 641 (1982) (on reconsideration), stated that this clarification applies to all judgments entered on and after March 1, 1983. The *Monje* rule has been modified by sec. 1795g, 1983 Wis. Act 27, amending sec. 974.02(2), Stats., to provide: "An appellant is not required to file a postconviction motion in the trial court prior to an appeal if the grounds are sufficiency of the evidence or issues previously raised." This amendment was effective as of July 2, 1983.

■ Because the ninety-day period for filing motions for new trial has been superseded by the time limits in sec. (Rule) 809.30, Stats., the underpinnings for the ninety-day limit for a sentence reduction motion have been removed. It appears that the appellant fully complied with sec. (Rule) 809.30. We therefore conclude that the trial court erred in dismissing the motion for untimeliness.[4]

The foregoing determinations are applicable only to the motion for sentence reduction based on alleged excessiveness of the sentence. It is unnecessary to use the procedure under sec. (Rule) 809.30(1)(f), Stats., to preserve a question if "new factors" are presented to the trial court. *State v. Machner*, 101 Wis. 2d 79, 82, 303 N.W.2d 633, 636 (1981); *State v. Foellmi*, 57 Wis. 2d 572, 581–82, 205 N.W.2d 144, 149–50 (1973); *State v. Hegwood*, 109 Wis. 2d 392, 394, 326 N.W.2d 119, 120 (Ct. App. 1982), *rev'd on other grounds*, 113 Wis. 2d 544, 335 N.W.2d 399 (1983).

## NEW FACTORS

■ We now turn to examine whether the motion alleged "new factors." "[A] trial court has inherent power to modify a criminal sentence. A sentence modification may be based upon a showing of a new factor. Whether the new factor warrants a modification of sentence rests within the trial court's discretion." *Hegwood*, 113 Wis. 2d at 546, 335 N.W.2d at 401 (citations omitted).

---

[4] We note that in *State v. Macemon*, 113 Wis. 2d 662, 666 n. 2, 335 N.W.2d 402, 405 (1983), the court decided that a motion to modify sentence was timely under sec. (Rule) 809.30(1)(f), Stats., since it was apparently filed within sixty days of service of transcript. The defendant was sentenced November 24, 1981, and he filed his motion to modify sentence June 8, 1982.

The appellant's motion alleges that two "new factors" not in existence at the time of sentence should be considered by the court: (1) the appellant's need for specialized treatment cannot be met in his current correctional setting; and (2) the appellant's post-sentencing conduct shows further remorse, repentance, cooperativeness and positive change.

In addition, the appellant alleges that other new, but unspecified, factors have come to light which are best presented at a hearing.

The trial court found that the grounds alleged in the motion had no merit. It denied the motion without a hearing and without further elaborating on the reasons for its decision.

The term "new factor" was defined in *Rosado v. State,* 70 Wis. 2d 280, 288, 234 N.W.2d 69, 73 (1975), as:

[A] fact or set of facts highly relevant to the imposition of sentence, but not known to the trial judge at the time of original sentencing, either because it was not then in existence or because, even though it was then in existence, it was unknowingly overlooked by all of the parties.

Whether a fact or set of facts satisfies this standard is a question of law. *Hegwood,* 113 Wis. 2d at 547, 335 N.W. 2d at 401. Accordingly, on review we need not defer to the trial court's determination whether the grounds alleged in the motion constitute a "new factor." *Id.* We also need not remand to allow the trial court to exercise its discretion. *See State v. Pepin,* 110 Wis. 2d 431, 439, 328 N.W.2d 898, 901 (Ct. App. 1982).

The trial judge was aware at the time of sentencing that the appellant's correctional setting could be inadequate for his rehabilitative needs. At the sentencing hearing, the appellant presented testimony from Mr. Jay Genrich, an employee of the Community Alcohol & Drug Abuse Center in Stevens Point. Genrich testified that he had been meeting with the appellant approximate-

ly three times a month since August 1982 to treat the appellant for an alcohol and drug problem. Genrich further testified that he felt the appellant's alcohol dependency was in remission and that it would be very important for the appellant to continue in some form of counseling and AA (Alcoholics Anonymous) group. Genrich stated that based on his professional experience, if the appellant remained chemically free, this would have a substantial influence on deterring further criminal activity. While incarcerated, we presume he is in a chemically free atmosphere, at least more so than while on a probationary status.

The appellant also called Mr. Jay Cleve as a witness. Cleve, a psychologist at the Mental Health Clinic in Stevens Point, testified that he had been meeting with the appellant since August 1982. Cleve recommended continued alcohol and psychological counseling on an ongoing basis for the appellant. He testified that he was strongly opposed to a prison sentence because it would interfere with the appellant's rehabilitation as well as cause permanent detrimental psychological effects. Cleve admitted that he was not completely familiar with the various prison facilities, so he could not say whether the potential harm of a prison sentence would depend on the type of facility in which the appellant was incarcerated. Cleve felt, however, that it was important not to remove the appellant from his present support system and treatments.

In sentencing the appellant, the trial court acknowledged that the appellant had certain rehabilitative needs with which imprisonment would interfere. The court indicated that it was not imposing a longer sentence because it believed the appellant could achieve rehabilitation within the time frame of the sentence. The court said it hoped the appellant would be placed in a minimum security setting where he could continue many of the ef-

forts which he had begun. This indicates that the so-called "new factor" was, in fact, known to the trial judge at the time of sentencing.

In addition, favorable consideration of the appellant's progress in the rehabilitation system lies solely with the department of health and social services. *Jones (Hollis) v. State*, 70 Wis. 2d 62, 72, 233 N.W.2d 441, 447 (1975). It is not a "new factor" justifying a modification of sentence.

The contention that the appellant's conduct since sentencing is a "new factor" is also without merit. The trial court was fully aware of the appellant's remorse at the sentencing hearing, having heard the testimony of one of the appellant's witnesses and the appellant's statement to the court, as well as having the benefit of the presentence report. The court indicated that it would not impose a longer sentence because of the appellant's actions in response to the crime. In addition, the appellant's change in attitude is also a factor which should be considered by the department of health and social services, as opposed to the trial court in a motion for a reduction of sentence. *State v. Wuensch*, 69 Wis. 2d 467, 478, 230 N.W.2d 665, 671 (1975).

We conclude that the appellant has not alleged "new factors." As such, it was appropriate for the trial court to refuse to hold a hearing and to deny the motion. *See State v. Macemon*, 113 Wis. 2d 662, 669, 335 N.W.2d 402, 406 (1983).

## EXCESSIVENESS OF SENTENCE

The appellant also alleged in his motion that the sentence was unduly harsh, excessive and not based on law for several reasons: improper emphasis on the need to protect the public; improper evaluation of the appel-

lant's character; failure to address the appellant's personality, character and social traits; inadequate consideration of the degree of the appellant's culpability; improper evaluation of the appellant's age, educational background and employment record; failure to consider the appellant's remorse, repentance and cooperativeness; insufficient weight to the need for specialized treatment; improper evaluation of the rights of the public; improper consideration of the criteria for granting probation and failure to take adequate account of available community resources.

A trial court may review its sentence for abuse of discretion if it concludes that the sentence was unduly harsh or unconscionable. *Cresci v. State,* 89 Wis. 2d 495, 504, 278 N.W.2d 850, 854 (1979). Our standard of review is whether the trial court abused its discretion. *Macemon,* 113 Wis. 2d at 670, 335 N.W.2d at 407. "There should be evidence in the record that discretion was in fact exercised and the basis of that exercise of discretion should be set forth." *Id.* at 667, 335 N.W.2d at 405. There is a strong policy against interference with the trial court's discretion in passing sentence. *Id.* at 670, 335 N.W.2d at 407.

In reviewing a sentence, we start with the presumption that the trial court acted reasonably, and the defendant must show some unreasonable or unjustifiable basis in the record for the sentence complained of. *Elias v. State,* 93 Wis. 2d 278, 281–82, 286 N.W.2d 559, 560 (1980).

The primary criteria for imposing sentence are as follows: the sentence imposed in each case should call for the minimum amount of custody or confinement which is consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant. *McCleary v. State,* 49 Wis. 2d 263, 276, 182

N.W.2d 512, 519 (1971). The trial court may consider other factors, including:

> A past record of criminal offenses; a history of undesirable behavior patterns; the defendant's personality, character and social traits; the results of a presentence investigation; the vicious or aggravated nature of the crime; the degree of the defendant's culpability; the defendant's demeanor at trial; the defendant's age, educational background and employment record; the defendant's remorse, repentance and cooperativeness; the defendant's need for close rehabilitative control; and the rights of the public. [Citations omitted.]

*Macemon*, 113 Wis. 2d at 667–68, 335 N.W.2d 405–06.

The criteria for granting probation are found in *Bastian v. State*, 54 Wis. 2d 240, 248 n. 1, 193 N.W.2d 687, 691 (1972):

> "(a) The probation decision should not turn upon generalizations about types of offenses or the existence of a prior criminal record, but should be rooted in the facts and circumstances of each case. The court should consider the nature and circumstances of the crime, the history and character of the offender, and available institutional and community resources. Probation should be the sentence unless the sentencing court finds that:
> "(i) confinement is necessary to protect the public from further criminal activity by the offender; or
> "(ii) the offender is in need of correctional treatment which can most effectively be provided if he is confined; or
> "(iii) it would unduly depreciate the seriousness of the offense if a sentence of probation were imposed.
> "(b) Whether the defendant pleads guilty, pleads not guilty or intends to appeal is not relevant to the issue of whether probation is an appropriate sentence." American Bar Association *Standards Relating to Probation* (Approved Draft, 1970), p. 30.

An abuse of discretion might be found if the trial court failed to state on the record the material factors which influenced its decision, gave too much weight to one

factor in the face of other contravening considerations, or relied on irrelevant or immaterial factors. *Harris v. State*, 75 Wis. 2d 513, 518, 250 N.W.2d 7, 10 (1977). The weight to be given to each of the factors, however, is a determination particularly within the discretion of the trial court. *Ocanas v. State*, 70 Wis. 2d 179, 185, 233 N.W.2d 457, 461 (1975). Both rejection of probation and imposition of a particular sentence may be based on any or all of the three primary factors after all relevant factors have been considered. *Anderson v. State*, 76 Wis. 2d 361, 367, 251 N.W.2d 768, 771 (1977).

We find no indication that the trial court abused its discretion in sentencing the appellant. The court had before it the testimony of three of the appellant's witnesses, the arguments of counsel, an extensive presentence report which recommended a longer sentence than that imposed, and the presence of the appellant, as well as the facts of the crime.

In sentencing the appellant, the trial court noted that the crime had been one of the most serious in the community in recent years, involving the death of one person and potential danger to others, as well as the loss of a building. The court also remarked that the appellant had an immature attitude, a serious drug and alcohol problem, no serious criminal record, no previous strong achievement motive, and no strong, consistent record of employment, although there had been some employment. The court acknowledged that the appellant had taken some positive steps since the incident, although the court felt the steps were somewhat suspect.

The court stressed that the situation called for close supervision or control over an extended period of time based, in part, on testimony of the appellant's own witnesses. In addition, the court indicated that the need to protect the public arose through the need to rehabilitate the appellant and the recognition that the appellant had

shown a serious lapse in judgment in setting the fire. The court specifically stated:

And although I don't think that public protection in and of itself is a basis for placing this defendant in prison, it is certainly a factor that the Court considers when I consider the nature of this offense: How it happened and whether or not it could happen again; whether or not this offense happened again or an offense of a similar nature.

The court noted that perhaps the most important factor was the gravity of the offense. The court stated that it would depreciate the severity of the offense to place the appellant on probation. The court carefully balanced the appellant's needs against the needs of the public and the severity of the offense in arriving at the sentence, noting that a longer sentence was not imposed because the court felt that the appellant could achieve rehabilitation in the period of time of the sentence and also in recognition of the appellant's response to the situation.

The trial court properly evaluated the relevant factors and adequately explained its rationale for imposing the sentence and rejecting probation on the record. The record does not reveal that the trial court gave too much weight to one factor or relied on irrelevant or immaterial factors. We therefore conclude that the trial court did not abuse its discretion in refusing to modify the appellant's sentence because it was excessive, and agree with the trial court that the motion for sentence reduction should have been denied on its merits. In light of this holding, we do not believe that it was necessary to hold a hearing on the motion.

*By the Court.*—Judgment and order affirmed.