STATE of Wisconsin, Plaintiff-Respondent,

v.

James PRINCE, Defendant-Appellant.

Court of Appeals

*No. 88–0540–CR. Submitted on briefs September 22, 1988.—
Decided October 18, 1988.*

(Also reported in 432 N.W.2d 646.)

For defendant-appellant there were briefs by *Roy LaBarton Gay* of Eau Claire.

For plaintiff-respondent there was a brief by *Donald J. Hanaway,* attorney general, and *Sharon Ruhly,* assistant attorney general of Madison.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J. James Prince appeals an order denying his motion for a sentence modification based on a new factor. Because we conclude that a post-sentence finding that Prince's sexually deviant behavior was treatable is not a new factor, we affirm.

Prince was convicted of one count of first-degree sexual assault, contrary to sec. 940.225(1)(a), Stats. A presentence report contained two psychological analyses of Prince. One recommended that Prince receive treatment for psychiatric and psychological problems, rather than incarceration. The other reported that Prince was not presently treatable because of his narrow and simplistic interpretations of the circumstances prior to the assault. After considering the presentence report, the court sentenced Prince to prison for seven years.

Eleven months later, Prince moved for a sentence modification based on an allegedly new factor that he was indeed treatable and had responded to treatment while incarcerated. At a hearing, he presented evidence showing that he had participated in sex therapy sessions while in prison and that he was responding

positively to them. The court found that the change in Prince's responsiveness to treatment was part of the rehabilitation program, not a new factor. Consequently, the court denied Prince's motion for a sentence reduction.

A trial court may modify a criminal sentence based on a showing of a new factor. A new factor is a fact or set of facts highly relevant to the imposition of sentence, not known to the trial court at the time of original sentencing, either because it was not then in existence or because, even though it was then in existence, it was unknowingly overlooked by all of the parties. *Rosado v. State,* 70 Wis. 2d 280, 288, 234 N.W.2d 69, 73 (1975). "Whether a fact or set of facts satisfies this legal standard is a question of law. Accordingly, on review this court need not give deference to the trial court's determination." *State v. Hegwood,* 113 Wis. 2d 544, 547, 335 N.W.2d 399, 401 (1983) (citation omitted).

Changes in attitude and prison rehabilitation are not new factors justifying sentence modification. Rather, deliberation on these subjects lies solely with the parole authorities. *See State v. Krueger,* 119 Wis. 2d 327, 335, 351 N.W.2d 738, 742 (Ct. App. 1984). Certainly, the court's assessment of Prince's potential future response to treatment is relevant to the imposition of sentence. *See State v. Larsen,* 141 Wis. 2d 412, 426–27, 415 N.W.2d 535, 541 (Ct. App. 1987). However, Prince's responsiveness to treatment as part of a rehabilitation program within an institution and his treatability as an outpatient are two distinct issues. A psychiatrist's opinion that Prince is treatable while he is incarcerated has little relevance to the question the

circuit court addressed at sentencing of whether Prince was treatable as an outpatient. The institutional treatment is part of the rehabilitation process and, as such, is not a new factor that warrants modification of the sentence.

Moreover, the court did not overlook the treatability of Prince's aberrant sexual behavior when sentencing him. The judge studied the presentence report containing conflicting opinions as to Prince's treatability and several times specifically referred to treatment as eventually becoming a part of the rehabilitation program. He never explicitly held that Prince was untreatable. Rather, he chose to base the sentence on the egregiousness of the offense. We conclude that Prince's response to treatment while incarcerated is not a new factor justifying sentence modification, and we affirm the circuit court's order.

*By the Court.*—Order affirmed.