STATE of Wisconsin, Plaintiff-Respondent,†

v.

Gary L. KLUCK, Defendant-Appellant.

Court of Appeals

*Nos. 95–2238–CR, 95–2239–CR, 95–2240–CR. Submitted on briefs January 19, 1996.—Decided March 12, 1996.*

(Also reported in 548 N.W.2d 97.)

†Petition to review granted.

On behalf of defendant-appellant, the cause was submitted on the briefs of *Keith A. Findley*, assistant state public defender of Madison.

On behalf of plaintiff-respondent, the cause was submitted on the brief of *Robin Kennedy*, assistant district attorney of Wausau.

Before Cane, P.J., LaRocque and Myse, JJ.[1]

LaROCQUE, J. Gary Kluck appeals an order denying his postconviction motion to modify his sixteen-month county jail sentence to twelve months on grounds his post-sentence conduct eliminated the reasons the court gave for lengthy incarceration. Because we disagree with the trial court's conclusion that the law prohibits it from reduction of a jail sentence even if the offender is rehabilitated, we vacate the order and remand for a resolution of Kluck's motion consistent with this opinion.

Kluck initially entered a no contest plea to battery, two counts of bail jumping and two counts of disorderly conduct. He was placed on probation with jail time as a condition, his probation was revoked in February 1995 and he was sentenced to a total of sixteen months aggregate jail time. The sentencing hearing transcript is not part of the appeal record, but the motion for sentence modification claims that in imposing the sentence the court decided that Kluck was a "profound alcoholic" and that he had rejected any efforts to address his drinking problem. Kluck contends that the

---

[1] Pursuant to the chief judge's order of February 20, 1996, this has been issued as a three-judge opinion pursuant to § 809.41(3), STATS.

court granted him Huber law release and challenged Kluck to prove the court wrong in its prediction that he would get drunk almost immediately. Kluck was released on bail pending appeal in March 1995 and, in July 1995, he moved for modification of sentence, seeking to reduce the aggregate jail time to twelve months. He contended that during his three months of freedom he had quit drinking, sought and found a job and complied with the other conditions of his release.

The court summarily denied the motion for modification, accepting the State's contention that the case law held that even if there had been "rehabilitation," that is not a new factor that permits a sentence modification. Because we conclude that the trial court has the inherent power to modify a misdemeanor sentence of a rehabilitated offender under proper circumstances, we vacate the order denying relief and remand for further proceedings.[2]

The trial court has the inherent power to modify a sentence after the sentence has commenced. *State v. Wuensch*, 69 Wis. 2d 467, 472-73, 230 N.W.2d 665, 668 (1975).[3] Wisconsin has adopted the American Bar

---

[2] Although Kluck appeals both the judgment of conviction and the postconviction order, we conclude that only the postconviction order should be vacated. Were the circuit court to ultimately modify the sentence, the proper procedure is not to vacate the prior judgment but to amend it. *Hayes v. State*, 46 Wis. 2d 93, 107, 175 N.W.2d 625, 632 (1970), *overruled on other grounds by State v. Taylor*, 60 Wis. 2d 506, 523, 210 N.W.2d 873, 882 (1973).

[3] The specific time limit on filing the motion for relief enunciated in *Hayes v. State*, 46 Wis. 2d 93, 175 N.W.2d 625 (1970), and extended by later legislation, is inapplicable where the basis for the motion is a new factor rather than a claimed exces-

Association's *Standards Relating to Sentencing Alternatives and Procedures* § 6.1(a):

**Authority to reduce: general.**

(a)   It may be appropriate to authorize the sentencing court to reduce or modify a sentence within a specified time after its imposition or the final resolution of an appeal if new factors bearing on the sentence are made known . . . .

*Id.* at 474, 230 N.W.2d at 669.
  A "new factor" is:

[A] fact or set of facts highly relevant to the imposition of sentence, but not known to the trial judge at the time of original sentencing, either because it was not then in existence or because, even though it was then in existence, it was unknowingly overlooked by all of the parties.

*State v. Krueger*, 119 Wis. 2d 327, 333, 351 N.W.2d 738, 741-42 (Ct. App. 1984) (quoting *Rosado v. State*, 70 Wis. 2d 280, 288, 234 N.W.2d 69, 73 (1975)). Whether a fact satisfies this standard is a question of law. *Id.* at 333, 351 N.W.2d at 742. Whether a new factor warrants a modification of sentence rests with the trial court's discretion. *Id.* at 332, 351 N.W.2d at 741.

  Rehabilitation as a new factor has been the subject of discussion in a series of cases, including *Wuensch*: "As to the defendant's change in attitude and progress or rehabilitation, favorable consideration for such factors lies solely within the province of the Department of

sive or unduly harsh sentence. *State v. Machner*, 101 Wis. 2d 79, 82, 303 N.W.2d 633, 636 (1981).

Health & Social Services." *Id.* at 478, 230 N.W.2d at 671.[4]

Each of the rulings that rejected sentence modification based on changes in the offender's attitudes and behavior is accompanied by the fact that the defendant was a felon and thereby subject to the jurisdiction of the Department of Health and Social Services, now the Department of Corrections. 1989 Wis. Act 31. This fact is important, Kluck argues, because the rationale for the law is simply that a rehabilitated felon has recourse to the parole system. A misdemeanor offender sentenced to county jail does not. We agree with Kluck.[5]

The State contends that review of a misdemeanant's jail sentence would introduce a new concept into the process of sentence modification:

> [B]y embracing the defendant's argument, this court would be creating a whole new process by which criminals would seek to have their sentences

---

[4] Similar rulings are found in *State v. Prince*, 147 Wis. 2d 134, 432 N.W.2d 646 (Ct. App. 1988); *State v. Krueger*, 119 Wis. 2d 327, 351 N.W.2d 738 (Ct. App. 1984), and *State v. Kaster*, 148 Wis. 2d 789, 436 N.W.2d 891 (Ct. App. 1989).

[5] The State bases its opposition to the motion for modification rehabilitation partially on grounds that *new factor* is defined as: "[A] fact or set of facts highly relevant to the imposition of sentence." Using this definition, it reasons there is an implicit requirement that the new factor be in existence at the time of sentence but unknown to the parties and the court. The State concludes that logically a prisoner's changed behavior and attitude did not exist at the time of sentencing and cannot possibly fit the definition of new factor. The State's definition is incomplete. A new factor may be a fact not in existence at the time of sentence. *State v. Krueger*, 119 Wis. 2d 327, 333, 351 N.W.2d 738, 741-42 (Ct. App. 1984).

modified. Such a drastic and far-reaching change in the due process afforded criminals should only come from the Legislature.

The trial court's power to modify a criminal sentence is not new, and it does not come from the legislature. Over a quarter of a century ago the Wisconsin Supreme Court unanimously decided to revise the common law, which previously held courts had no inherent power to revise its judgment and sentence after the execution of the sentence had commenced. *Hayes v. State*, 46 Wis. 2d 93, 101-05, 175 N.W.2d 625 629-31 (1970), *overruled on other grounds by State v. Taylor*, 60 Wis. 2d 506, 523, 210 N.W.2d 873, 882 (1973), declared:

> We think the present rule should be modified so that a trial court may exercise its inherent power to change and modify its judgments after the execution of the sentence has commenced. . . .
>
> We think sound public policy favors the exercise by a trial court of its power to amend, modify, and correct a judgment of sentencing even though . . . the service of the sentence has been commenced. . . .
>
> . . . .
> We are aware there are counter arguments to the modification of our present rule, *i.e.,* that the sentencing process must at some point come to an end and there are other ameliorative devices such as appellate review of sentencing or the pardoning power to provide relief. Within reasonable limits we think an unjust sentence should be corrected by the trial court.

There is no case law prohibiting trial courts from exercising this power over county jail sentences. Each of the cases in which the issue of rehabilitation as a new factor arose involved a felony sentence.

843

Nevertheless, the State asks us to hold that it is exactly because there is a parole system for felons that misdemeanants should never be allowed to seek modification on grounds of rehabilitation. They would be subject to no controls or review or revocation by a parole officer or parole board for post-release misconduct. We are unpersuaded.

First, a trial court's sentencing discretion always involves the question whether releasing any offender is consistent with public safety, and with the court's duty to punish lawbreakers and to assure the sentence reflects the seriousness of the crime. These considerations apply equally at the time of original sentence and later deciding a motion for modification.

Further, it does not appeal to our sense of justice to say in the interest of finality a judge lacks authority to review his or her sentence, even though a prisoner has demonstrated a very good reason to do so. Chief Justice Hallows, who wrote the *Hayes* decision, said it best: "It is more important to be able to settle a matter right with a little uncertainty than to settle it wrong irrevocably." *Id.* at 105, 175 N.W.2d at 631.

We emphasize that sentence modification should remain the exception and not the rule. Whether the crimes are felonies or misdemeanors, the three primary factors that the trial court considers are the same: the gravity of the offense, the character and rehabilitative needs of the offender and the need to protect the public. *See State v. Sarabia*, 118 Wis. 2d 655, 673, 348 N.W.2d 527, 537 (1984).

As to Kluck's case, even if he can convince the trial court of his assertion that he is reformed, it still remains for the court to balance that factor with the gravity of the offenses and the public's right to be safe

844

from future anti-social conduct. The trial court's comments at the postconviction motion hearing compel a remand for a review on the merits of the relevant factors. The court remarked:

> Mr. Kluck earned the sentence that he got based upon his past behavior, and the whole purpose of the sentence that was imposed was to hopefully bring him to the point of rehabilitation that he claims to have now . . . achieved.
>
> . . . while I can't do it legally, and I won't knowingly act without my authority, I am very impressed by Mr. Kluck's apparent improvement . . . .

The order denying the motion is therefore vacated and this matter is remanded for further review by the trial court.

*By the Court.*—Judgment affirmed; order vacated and cause remanded with directions.