STATE of Wisconsin, Plaintiff-Respondent,

v.

Steve NORTON, Defendant-Appellant.

Court of Appeals

*No. 00–3538–CR. Submitted on briefs August 7, 2001.—Decided September 11, 2001.*

2001 WI App 245

(Also reported in 635 N.W.2d 656.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Peter M. Koneazny*, assistant state public defender of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Maura F.J. Whelan*, assistant attorney general.

Before Wedemeyer, P.J., Schudson and Curley, JJ.

¶ 1. WEDEMEYER, P.J. Steve Norton appeals from a judgment entered after he pled guilty to theft from a person, contrary t o Wis. Stat. § 943.20(1)(a) (1999–2000).[1] He also appeals from an order denying his postconviction motion. Norton claims that extraordinary circumstances, which caused his sentence to be extended nine months, constituted a new factor warranting sentence modification. Because the trial court relied on inaccurate information when imposing the sentence, and because the circumstances presented here involve a new factor, we reverse and remand for resentencing.

## I. BACKGROUND

¶ 2. On November 29, 1999, Norton stole a purse from Chevette Haynes who was standing at a bus stop on Martin Luther King Drive in Milwaukee. Norton initially evaded police, but later turned himself in and confessed. He admitted that he stole the purse, stating that he was stealing money to support his drug habit. He was charged with felony theft from a person, and entered into a plea agreement wherein he agreed to plead guilty, and the prosecutor would leave the length of the sentence up to the trial court.

¶ 3. At the time of the offense, Norton was serving two years' probation for a misdemeanor theft con-

---

[1] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

viction from June 1999. This sentence included a nine-month period of incarceration, which was stayed.

¶ 4. In the pre-sentence investigation report in the instant case, Norton's probation agent, Tonya Hubbard, advised the court that Norton's probation in the misdemeanor theft case would not be revoked. She recommended that Norton be sentenced to between twenty-four and forty-eight months' incarceration, and that Norton should participate in drug and alcohol treatment while in prison. At the sentencing hearing, the prosecutor recommended a sentence of thirty months, despite the plea agreement that the prosecutor would leave the length of the sentence up to the court. The prosecutor indicated that Norton needed an extended incarceration so that he could "dry out" and "be clean." Defense counsel also recommended time in prison sufficient to permit Norton to "dry out and get drugs out of his system."

¶ 5. The trial court sentenced Norton to forty-two months in prison, "consecutive to any other sentence." Six weeks after sentencing, Hubbard contacted Norton and suggested that he voluntarily agree to submit to the revocation of probation on the misdemeanor theft offense. She told him that the nine-month stayed sentenced could be served concurrently with the forty-two month sentence. Based on these representations, Norton agreed to a voluntary revocation of his probation and waived his right to a hearing. Because of the trial court's "consecutive to any other sentence" language, however, the nine-month sentence could not be served concurrently and Norton, in fact, now faced fifty-one months in prison.

¶ 6. Norton filed a postconviction motion, alleging that the revocation and extension of his sentence constituted a new factor because the trial court relied on

inaccurate information when it imposed the sentence; that is, that his probation would not be revoked. The trial court denied the motion. Norton now appeals.

## II. DISCUSSION

¶ 7.   Norton contends that because of the unusual circumstances in this case, the trial court relied on inaccurate information when it sentenced him on the felony theft conviction. He requests that the case be reversed and remanded for resentencing. The State argues that revocation in another case can never constitute a new factor. We disagree.

¶ 8.   To gain sentence modification, a defendant must establish:   (1) that a new factor exists; and (2) that the new factor justifies sentence modification. *State v. Franklin*, 148 Wis. 2d 1, 8, 434 N.W.2d 609 (1989). Whether a fact or set of facts constitutes a new factor presents a legal issue which we decide *de novo*. *Id.* Whether a new factor justifies sentence modification, however, presents an issue for the trial court's discretionary determination, subject to our review under the erroneous exercise of discretion standard. *Id.*

¶ 9.   A new factor is a

fact or set of facts highly relevant to the imposition of sentence, but not known to the trial judge at the time of original sentencing, either because it was not then in existence or because, even though it was then in existence, it was unknowingly overlooked by all of the parties.

*Rosado v. State*, 70 Wis. 2d 280, 288, 234 N.W.2d 69 (1975). Further, a new factor is "an event or development which frustrates the purpose of the original

sentence." *State v. Michels*, 150 Wis. 2d 94, 99, 441 N.W.2d 278 (Ct. App. 1989). A defendant bears the burden of proving the existence of a new factor by clear and convincing evidence. *Franklin*, 148 Wis. 2d at 8–9. Erroneous or inaccurate information used at sentencing may constitute a "new factor" if it was highly relevant to the imposed sentence and was relied upon by the trial court. *State v. Smet*, 186 Wis. 2d 24, 34, 519 N.W.2d 697 (Ct. App. 1994).

¶ 10.   Although we agree with the State that, in general, revocation of probation in another case does not ordinarily present a new factor, the specific facts involved in this case require an exception to the general rule. It is clear from the sentencing transcript that everyone understood that Norton's probation would not be revoked at the time of sentencing, or subsequent to sentencing, as a result of the felony theft. Instead, the probation agent intended to use an alternative to revocation as a consequence for committing another crime while on probation. Therefore, Norton would not be exposed to the stayed nine-month sentence from the misdemeanor theft.

¶ 11.   The probation agent's intentions were discussed during the sentencing hearing. The record reflects that the prosecutor was upset by the Department of Corrections decision *not* to revoke Norton's probation. The trial court questioned Hubbard about the decision, and she explained that the department had elected an alternative to probation revocation. It is also clear from the sentencing transcript that both sides, Hubbard, and the trial court were all focused on sending Norton to prison for a sufficient period of time so that he could receive drug treatment. The trial court fashioned the sentence which it believed was necessary to allow Norton to become "drug free." Here, the pur-

pose of the sentence was to keep Norton in prison for a sufficient time to break him of the drug habit.

¶ 12.  Subsequent to sentencing, Norton voluntarily submitted to the revocation of his probation, triggering the nine-month sentence on the misdemeanor theft based on erroneous advice from Hubbard, who indicated that the nine-month sentence could be served at the same time Norton was serving his forty-two month sentence. The nine-month sentence, however, could not be served concurrently because of the trial court's order that the forty-two month sentence be served "consecutive to any other sentence."

■

¶ 13.  The question here is whether such circumstances present a new factor and, if so, whether sentence modification is warranted. We conclude that the circumstances do constitute a new factor and resentencing is required because the inaccurate information relied on by the trial court frustrates the purpose of the sentence. A new factor is a set of facts highly relevant to sentencing, but not known, or not in existence, at the time of sentencing. The probation and whether it was going to be revoked was highly relevant to sentencing. The trial court focused on imposing a sufficiently long sentence to permit Norton to "dry out" and become "drug free." The trial court was advised that Norton's probation was not going to be revoked as a result of the felony theft committed in the instant case. The prosecutor expressed disappointment that the probation would not be revoked, and the trial court inquired as to why the probation was not being revoked. After discussing the probation and understanding that the nine-month sentence would not have any impact on the instant case, the trial court proceeded to impose its

sentence. The trial court believed that the nine-month stayed sentence from the misdemeanor conviction would not be an issue.

¶ 14.   In a case where a defendant commits a new crime while on probation, whether or not the defendant will be exposed to the sentence underlying the probation is significant. A criminal sentence should represent the minimum amount of custody consistent with the factors of the gravity of the offense, the character of the offender, and the need to protect the public. *State v. Setagord*, 211 Wis. 2d 397, 416, 565 N.W.2d 506 (1997). It was not known to the trial court at the time of sentencing in this case that Norton's probation would be revoked; rather, the trial court was advised by Hubbard that probation *was not going to be revoked*. Thus, the trial court imposed a sentence in this case which was based on inaccurate information.

¶ 15.   Moreover, the inaccurate information was directly linked to the purpose of the sentence. As noted, the State recommended thirty months in prison, indicating that this would be sufficient to "dry Norton out." Both defense counsel and Hubbard recommended at least twenty-four months in prison so that Norton would become drug-free. The trial court, referencing Norton's need for drug treatment, imposed a forty-two month sentence.

¶ 16.   Norton has a right to be sentenced on accurate information. *State v. Slagoski*, 2001 WI App 112, ¶ 7, 244 Wis. 2d 49, 629 N.W.2d 50. Under the circumstances here, Norton's sentence was based, in part, on inaccurate information from an ordinarily reliable source a probation agent. Accordingly, we must reverse and remand for resentencing to permit the trial court

170

an opportunity to review the sentence with the benefit of the new information; i.e., that Norton must now serve the nine-month sentence on the misdemeanor theft.

*By the Court.*—Judgment and order reversed and cause remanded with directions.