COURT OF APPEALS
DECISION
DATED AND FILED

November 18, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2019AP1251-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. 2017CF380

**IN COURT OF APPEALS
DISTRICT II**

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

TREMAINE J. BROWN,

    DEFENDANT-APPELLANT.


        APPEAL from a judgment and an order of the circuit court for Fond du Lac County:  GARY R. SHARPE, Judge.  *Affirmed.*

        Before Reilly, P.J., Gundrum and Davis, JJ.

        **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Tremaine J. Brown appeals from a judgment convicting him of possession with intent to deliver less than or equal to one gram of a controlled substance within 1000 feet of a park and from the order denying his motion for postconviction relief by which he sought sentence modification. He alleges that six new factors warrant sentence modification. We disagree and affirm.

¶2 The State charged Brown with selling cocaine to the same confidential informant (CI) on two occasions. Pursuant to a plea agreement, Brown pled no contest to and was convicted of one count of cocaine delivery. He was sentenced to two years' initial confinement (IC) and three years' extended supervision (ES), consecutive to cases in other counties. Brown believes his sentence should be modified to sixteen months' IC and two years' ES, concurrent.

¶3 The six "new" factors Brown claims justify modifying his sentence are these: (1) additional details about the length of his incarceration at the time of sentencing, (2) information about prior drug counseling, (3) his sentence in a subsequent and unrelated Racine County case, (4) more details about the effect of defense counsel's recommended sentence, (5) his current mandatory release date, and (6) information about his past drug use with the CI. Brown essentially claims his offense here was less serious than the circuit court believed such that he did not require a lengthy sentence for drug treatment.

¶4 In October 2018, Brown pled no contest to count one of the charges in this case in exchange for count two being dismissed and read in. Brown's sentencing was muddied by the disposition of other cases in which he was charged in Racine, Brown, and Outagamie counties. Among other offenses, the charges in

those counties included drug and firearm possession and felony bail jumping. Before those charges, he had a history of theft and cocaine possession.

¶5     In August 2017, Brown had been convicted of the Brown County charges and was sentenced to eighteen months' IC and two years' ES. In May 2018, he was convicted of the Outagamie County charges and was sentenced to six months in jail, consecutive to existing sentences. In October 2018, Brown pled no contest in this Fond du Lac County case. The State asked for two years' IC and four years' ES concurrent with his other sentences; Brown's attorney recommended two years' IC and two years' ES, concurrent.

¶6     The State informed the court of Brown's other convictions and that he had six months remaining on existing charges. Brown's attorney also noted that the Racine County case was still pending and that there apparently was a prison recommendation of roughly the same amount of time being recommended here. Brown himself informed the court that he was close to completing alcohol or other drug abuse (AODA) classes at his current institution.

¶7     The court ordered two years' IC and three years' ES, consecutive to any other case, with eligibility for the Challenge Incarceration and Substance Abuse Programs (CIP, SAP). It explained that, while Brown's offense was a "single use circumstance," the nature of it still was serious, due to the broader effects of crack cocaine addiction and dealing. It noted the need to protect the public, to punish Brown, and to address his rehabilitative needs. It echoed that Brown had been involved in AODA treatment and explained that the length of the sentence was, in part, designed to include ongoing treatment and counseling, even post-prison.

¶8      Subsequent to the sentence here, Brown was sentenced in the Racine County case to two years' IC and three years' ES, consecutive to existing sentences.  He also was found eligible for the SAP in that case.

¶9      In May 2019, Brown moved for correction of judgment and sentence modification in this case.  He asserted that, due to the six allegedly new factors, his sentence should be modified to sixteen months' IC and two years' ES, concurrent to his other cases.  At the hearing on the motion, Brown argued that the new information concerning his friendship with the CI meant that the nature of his offense was less serious and that the combined effect of the other information meant that a two-year prison sentence was not necessary to ensure he received substance abuse treatment.

¶10     The court denied Brown's motion.  It concluded that the information relating to the Brown County sentence was not a new factor because it was aware Brown had been in prison at the time of sentencing and that it was aware of Brown's AODA programming at sentencing.  It impliedly concluded that Brown's later Racine County sentence also was not relevant to its sentencing decision in this case.

¶11     Although the court did not expressly address whether the additional information about the effect of defense counsel's recommended sentence and Brown's current mandatory release date were new factors, it determined that none of the information presented by Brown justified sentence modification.  It explained that the fact that even if Brown presumably was "clean" during the time he was incarcerated, it was looking for him to be punished and to be in prison long enough to fully participate in the SAP.  The court stated that additional information about Brown's sentence in Racine County also would not have

impacted its sentence, as it did not know the details of those charges and could not "apply 20/20 hindsight" based on the decision of another judge because "otherwise, there never would be finality to sentences."

¶12    The court concluded that the only new factor alleged by Brown was the fact that Brown and the CI knew each other and had used and shared cocaine in the past.  The court found, however, that, even so, there was no indication of co-use by Brown and the CI in the charged offenses here, such that this remained a "commercial enterprise."

¶13    Finally, the court reiterated that whatever programming was available to Brown in the past, it intended his sentence to be long enough for him to qualify for and participate in the SAP.  Addressing the additional detail concerning defense counsel's recommended sentence, the court noted that the net effect—eight extra months—was "relatively minimal."  The court concluded that the sentence it initially imposed "is not at all onerous or out of line or inappropriate given the two financial transaction deliveries that occurred."

¶14    "Within certain constraints, Wisconsin circuit courts have inherent authority to modify criminal sentences."  *State v. Harbor*, 2011 WI 28, ¶35, 333 Wis. 2d 53, 797 N.W.2d 828.  A court may base a sentence modification upon the defendant's showing of a "new factor."  *State v. Hegwood*, 113 Wis. 2d 544, 546, 335 N.W.2d 399 (1983).  A new factor is "a fact or set of facts highly relevant to the imposition of sentence, but not known to the trial judge at the time of original sentencing, either because it was not then in existence or because, even though it was then in existence, it was unknowingly overlooked by all of the parties."  *State v. Franklin*, 148 Wis. 2d 1, 8, 434 N.W.2d 609 (1989).  Whether a fact or set of facts constitutes a new factor is a question of law which may be decided without

deference to the lower court's determinations. *Hegwood*, 113 Wis. 2d at 547. Whether a new factor exists is a question of law reviewed de novo; whether the presence of one or more new factors justifies sentence modification is reviewed for an erroneous exercise of discretion. *Franklin*, 148 Wis. 2d at 8.

¶15 None of the six facts Brown identifies are new factors. We address them one by one. The first is whether mandatory release dates and eligibility for the ERP and the SAP in Racine, Brown, and Fond du Lac Counties, were unknown to the Fond du Lac County sentencing court. Having been in custody for at least eighteen months at the time of his Fond du Lac sentencing, Brown claims this fact is highly relevant because it shows he was sober for those eighteen months and thus was less in need of drug treatment than the court thought. We disagree.

¶16 At the time of sentencing, the court was aware that Brown had six months left to serve on a prior felony offense. A term of imprisonment must be for at least twelve months. *See* WIS. STAT. §§ 939.60 and 973.02. It is reasonable to assume that a person in a state prison is sober during the period of incarceration. *See* WIS. ADMIN. CODE § DOC 303.60 (prohibiting use of intoxicants in prison except for prescription medication); *see also State v. Krueger*, 119 Wis. 2d 327, 334, 351 N.W.2d 738 (Ct. App. 1984). The court thus was aware that Brown was serving at least twelve months' confinement and presumably would have been sober during that period. Being incarcerated for eighteen, versus twelve months, only expands on information the court already knew. It is not a new factor.

¶17 The second "new" factor is that Brown's counsel allegedly inaccurately stated his substance abuse treatment history. This is not a new factor. Brown himself advised the court of his participation in AODA classes at his

current institution and was close to completing it, thus implying that he had a lesser need for substance-abuse treatment. When pronouncing Brown's sentence, the court expressly recognized that Brown had been involved in AA or NA at the prison or in AODA assessment. Thus, this, too, is not a new factor.

¶18 The third factor Brown raises is the difference between the recommended sentence in this case and his actual sentence in the Racine County matter, a subsequent, unrelated case. He asserts the "discrepancy" is highly relevant because he could satisfy the treatment component of his sentence in the present case while serving his time on the Racine County case.

¶19 This argument runs awry for several reasons. First, the court was made aware that the two-year prison recommendation in the Racine County case was roughly the same amount of time that was recommended here. The court thus was aware that Brown faced a potential two years' IC in Racine County when he was sentenced here.

¶20 Second, as noted, later developments in another criminal matter do not constitute a new factor unless "directly linked to the purpose of the sentence" and the new development means that the circuit court sentenced the defendant "based on inaccurate information." *State v. Norton*, 2001 WI App 245, ¶¶14–15, 248 Wis. 2d 162, 635 N.W.2d 656. The facts of *Norton* provide a contrast to Brown's case. Norton committed theft while on probation for another theft offense. *Id*. ¶¶2–3. When sentenced for the new offense, the court expressly fashioned his sentence with the understanding that Norton's probation would not be revoked in the first theft case. *Id.* ¶11. At the urging of Norton's probation agent, however, he later agreed to revocation of his probation. *Id.* ¶12. On appeal, this court held that Norton's revocation was a new factor because "where a

7

defendant commits a new crime while on probation, whether or not the defendant will be exposed to the sentence underlying the probation is significant." *Id.* ¶14. We explained that the circuit court expressly sentenced Norton with the understanding that his probation would not be revoked, such that the court's sentence was based on incorrect information. *Id*. ¶¶14–15.

¶21 Here, by contrast, the circuit court's sentence did not at all rely on the predicted outcome in Brown's Racine County case. While the circuit court received some information about the proposed sentence in the Racine County case, nothing in the sentencing transcript suggests that the court relied on that recommendation when fashioning Brown's sentence here. Also, Brown's Racine County weapons charges had no relationship to these Fond du Lac County drug charges. The ultimate sentence Brown received in Racine County cannot, as a matter of law, constitute a new factor.

¶22 Third, Brown's argument that his later sentence in Racine County is a new factor completely undermines the strong policy supporting finality of judgments. *See **Harbor***, 333 Wis. 2d 53, ¶51. As the circuit court recognized here, if a defendant's sentence in a subsequent case can constitute a new factor justifying sentence modification in a previous case, there would be no finality to criminal judgments involving repeat offenders. Brown also ignores the fact that the Racine County Circuit Court likely based its sentence, in part, on the outcome in this case. If Brown's sentence in Racine County can be used to justify a sentence modification in this case, his Racine County sentence would be based on inaccurate information.

¶23 Fourth, Brown's argument that his rehabilitative needs can be addressed through his sentence in the Racine County case ignores that his Racine

8

County sentence was made consecutive to all other sentences. Had the Racine County court agreed with Brown's "diminished needs" argument, it would have made its sentence concurrent to Brown's Fond du Lac sentence.

¶24 Fifth, contrary to what Brown claims, the fact that the Racine County court found him eligible for the SAP is not highly relevant to his Fond du Lac County sentence. Whether Brown participates in the SAP in the Racine County weapons offense case is irrelevant to his Fond du Lac County sentence. "[F]avorable consideration of the appellant's progress in the rehabilitation system lies solely with the department of health and social services. It is not a 'new factor' justifying a modification of sentence." *Krueger*, 119 Wis. 2d at 335 (citation omitted). Further, it is entirely speculative whether Brown will complete the SAP in his Racine County case. Therefore, the third factor also is not new.

¶25 As to the fourth "new" factor, more precise information about the effect of the defense's recommended sentence also is not new. Brown seems to be arguing that the initial sentence recommended by trial counsel would have been sufficient to allow his rehabilitative needs to be addressed. We again disagree.

¶26 This information already was known to the court; Brown thus simply is expanding on arguments trial counsel made at sentencing. *See Harbor*, 333 Wis. 2d 53, ¶¶27, 57. Further, rehabilitation was but one aim of the court's sentence in this case. It also was concerned about the need to protect the public and to impose consequences. That his rehabilitation needs might be met with trial counsel's original recommended sentence does not diminish the value of the other goals.

¶27 Neither is Brown's current 2023 mandatory release date a new factor. If he means that he has more than sufficient time to attend to his

rehabilitative needs, we agree with the State that this argument simply rehashes his argument concerning the effect of his Racine County sentence. Judgments must have finality.

¶28 The sixth "new" factor, Brown's prior friendship and drug use with the CI, likewise is not highly relevant, nor does it mean the nature of his offenses was less serious than the circuit court originally believed. Brown presents no evidence that he and the CI shared drugs on these occasions. We agree that the charged offenses were purely commercial transactions. Like the other five issues he raises, this also is not a new factor.

¶29 Lastly, contrary to Brown's suggestion, the issue is not solely whether sentence modification is "justified," but is whether *if a new factor is present*, does the new factor justify modifying the sentence. **Harbor**, 333 Wis. 2d 53, ¶37. "In making that determination, the circuit court exercises its discretion." **Id.** We have concluded that no new factors are present. We therefore uphold the circuit court's discretionary decision because it did not commit an error of law and explained its rationale for concluding that the facts Brown presented did not justify modification of his sentence. *See **id.***, ¶63.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.