COURT OF APPEALS
DECISION
DATED AND FILED

March 25, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP1593-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. **2015CF87**

**IN COURT OF APPEALS
DISTRICT IV**

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

GREG PATRICK GOGIN,

    DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Green County: JAMES P. DALEY and DUANE M. JORGENSON, Judges. *Affirmed*.

Before Blanchard, Kloppenburg, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     Greg Gogin appeals a judgment of conviction for two counts of incest with a child and one count of first-degree sexual assault of a child under age thirteen. He also appeals the circuit court's order denying his motion for postconviction relief.[1] Gogin's arguments relate to sentencing. He contends that (1) the circuit court violated his due process rights by relying on inaccurate information at sentencing, (2) the circuit court erroneously exercised its sentencing discretion in three respects, and (3) a new factor warrants sentence modification. We reject these arguments and affirm.

## *Background*

¶2     The State charged Gogin with ten offenses relating to two victims. Pursuant to a plea agreement, Gogin pled guilty to two counts of incest with a child, A., and one count of first-degree sexual assault of a child under age thirteen, P. The remaining counts were dismissed and read in or dismissed outright.

¶3     The circuit court sentenced Gogin to eighteen years of initial confinement followed by fifteen years of extended supervision on each of the two incest counts, and twenty-two years of initial confinement followed by twenty years of extended supervision on the sexual assault count. The court made the sentences for the two incest counts involving A. concurrent with one another but consecutive to the sentence for the sexual assault count involving P. As a result, Gogin received a total combined sentence of forty years of initial confinement followed by thirty-five years of extended supervision.

---

[1] The Honorable James P. Daley presided over Gogin's plea and sentencing. The Honorable Duane M. Jorgenson presided over postconviction proceedings.

### *Discussion*

### *A. Inaccurate Information*

¶4    Gogin first argues that the circuit court violated his due process rights by relying on inaccurate information at sentencing. A claim of sentencing based on inaccurate information requires the defendant to "prove, by clear and convincing evidence, both that the information is inaccurate and that the trial court relied upon it." *State v. Payette*, 2008 WI App 106, ¶46, 313 Wis. 2d 39, 756 N.W.2d 423. Here, Gogin does not satisfy the first prong of this two-part test.

¶5    Gogin contends that the inaccurate information is that the circuit incorrectly assumed both that he sexually assaulted P. more than twice and that he assaulted P. over a period of time longer than five to ten years. Gogin points to the following comments by the circuit court at sentencing:

> But the decisions you've made, and the course of conduct you engaged in over a long period of time for A[.] was from the time she was 5 or 6 until she was 18. *I don't know the extent, but I expect it is longer than 5 to 10 years with P[.]*
>
> ….
>
> … I've got to sentence you with a punitive aspect understanding that these children for one, at least one child, for 12 to 13 years before she became 18, *and the other child, at least 5 to 10 years before she turned 18* ….

(Emphasis added.) Gogin argues that, contrary to the circuit court's comments, the record shows that he assaulted P. only two times. He further argues that the record does not support the court's assumption that he assaulted P. over a period of time longer than five to ten years.

¶6    We disagree and conclude that Gogin fails to show by clear and convincing evidence that the circuit court's comments were inaccurate. We first

note that one of the court's comments acknowledged uncertainty as to the length of time. Regardless, even if we assume that the court found that Gogin assaulted P. numerous times over a period of time "longer than" or "at least" "5 to 10 years," Gogin has not shown this finding was inaccurate. The criminal complaint allegations and the presentence investigation report support a finding that Gogin sexually assaulted P. numerous times over the course of a minimum of six or seven years. And, such a finding is consistent with the court's comments that the assaults occurred for "longer than" or "at least" "5 to 10 years." We do not interpret the court's comments as a finding that Gogin assaulted P. for longer than ten years or at least ten years.

¶7　As support for his argument that he assaulted P. only two times within a relatively short period of time, Gogin points to his own testimony at the postconviction hearing. Gogin's reliance on his testimony is not persuasive. We see no basis to conclude that the circuit court credited that testimony when it rejected Gogin's postconviction claim that the court relied on inaccurate information.

## B. Circuit Court's Exercise of Sentencing Discretion

¶8　We turn to Gogin's argument that the circuit court erroneously exercised its sentencing discretion. Gogin contends that the court erred by (1) imposing unduly harsh sentences, (2) imposing consecutive sentences without explaining why consecutive sentences were necessary, and (3) imposing sentences that ensure Gogin will not receive treatment. We address each contention in turn, starting with the contention that the sentences were unduly harsh.

¶9　When a defendant contests the harshness of a sentence, "we will hold that the sentencing court erroneously exercised its discretion 'only where the sentence is so excessive and unusual and so disproportionate to the offense

4

committed as to shock public sentiment and violate the judgment of reasonable people concerning what is right and proper under the circumstances.'" ***State v. Stenzel***, 2004 WI App 181, ¶21, 276 Wis. 2d 224, 688 N.W.2d 20 (quoting ***Ocanas v. State***, 70 Wis. 2d 179, 185, 233 N.W.2d 457 (1975)). "'A sentence well within the limits of the maximum sentence is not so disproportionate to the offense committed as to shock the public sentiment and violate the judgment of reasonable people concerning what is right and proper under the circumstances.'" ***Stenzel***, 276 Wis. 2d 224, ¶22 (quoted source omitted).

¶10 Gogin's sentences were well within the maximum and, we conclude, "'not so disproportionate to the offense committed as to shock the public sentiment and violate the judgment of reasonable people.'" *See id.* (quoted source omitted). In arguing to the contrary, Gogin contends that the circuit court disregarded important mitigating factors and placed too much emphasis on the seriousness of his offenses and protection of the public. This argument is not persuasive. "The primary factors for the sentencing court to consider are the gravity of the offense, the character of the offender, and the public's need for protection." ***State v. Odom***, 2006 WI App 145, ¶7, 294 Wis. 2d 844, 720 N.W.2d 695. "The weight given each of these factors lies within the trial court's discretion, and the court may base the sentence on any or all of them." ***Id.***

¶11 Moreover, the circuit court expressly referenced several mitigating factors when imposing Gogin's sentences. The fact that the circuit court did not expressly reference the mitigating factors that Gogin views as most important does not provide a basis for this court to overturn Gogin's sentences as unduly harsh.

¶12 Gogin next contends that the circuit court erroneously exercised its discretion by imposing consecutive sentences without explaining why consecutive

5

sentences were necessary. We disagree that the circuit court failed to explain its reasons for imposing consecutive sentences. The court focused repeatedly on the long-term harm that Gogin had caused to both A. and P. It stated: "I've got to sentence you with a punitive aspect understanding that these children … have suffered in the past and will continue to suffer in the future." The court emphasized the need to ensure that A. and P. would feel safe, without having to be afraid that Gogin might appear in their lives again. The circuit court's sentencing remarks adequately explained why the court made the sentences for the two counts involving A. concurrent with one another but consecutive to the sentence for the count involving P., with a total combined sentence that may keep Gogin confined for the rest of his life.

¶13    We turn to Gogin's argument that the circuit court erroneously exercised its discretion by imposing sentences that ensure he will not receive treatment. Gogin argues that this result is contrary to the court's stated intent that Gogin receive treatment. He points to the court's statement that it "must render a sentence which is going to keep you incarcerated so you may continue with your treatment." Gogin asserts that a department of corrections policy will prevent him from receiving treatment until three years before his release. He argues that "the sentence imposed by [the] court virtually guarantees that one of its stated purposes will never be met."

¶14    We reject this argument for two related reasons. First, the record reflects ambiguity as to what the circuit court meant by treatment, and Gogin does not establish as a factual matter that whatever treatment the court had in mind will be unavailable to Gogin until three years before his anticipated release. Second, the circuit court's sentencing remarks as a whole show that treatment was not the court's primary objective but at most a secondary objective to the court's other objectives.

## C. New Factor

¶15    Gogin's final argument is that the existence of a new factor warrants sentence modification.  He contends that the new factor is a subsequent prison sentence in a Waukesha County case in which sentence was imposed consecutive to his sentences here.  For the reasons that follow, we agree with the State that Gogin has not shown the existence of a new factor.

¶16    "The defendant has the burden to demonstrate by clear and convincing evidence the existence of a new factor."  *State v. Harbor*, 2011 WI 28, ¶36, 333 Wis. 2d 53, 797 N.W.2d 828.  A "'new factor'" is:

> "a fact or set of facts highly relevant to the imposition of sentence, but not known to the trial judge at the time of original sentencing, either because it was not then in existence or because, even though it was then in existence, it was unknowingly overlooked by all of the parties."

*Id.*, ¶40 (quoted source omitted).  "Whether the fact or set of facts put forth by the defendant constitutes a 'new factor' is a question of law."  *Id.*, ¶36.

¶17    Gogin does not meet his burden of clear and convincing evidence.  He provides no basis to conclude that the circuit court, when imposing sentence here, was unaware of the Waukesha County case or of the possibility that it exposed Gogin to an additional prison sentence.  The record reflects the opposite.  The presentence investigation report, which the circuit court stated it had reviewed, lists a pending Waukesha County case with charges for first-degree sexual assault of a child and incest with a child.  In *State v. Ramuta*, 2003 WI App 80, 261 Wis. 2d 784, 661 N.W.2d 483, we similarly concluded that a subsequent sentence in a separate case was not a new factor when the court was aware of the case.  *See id.*, ¶¶18, 20.

¶18     We disagree with Gogin that his situation is more similar to ***State v. Norton***, 2001 WI App 245, 248 Wis. 2d 162, 635 N.W.2d 656, in which the new factor involved the unexpected revocation of probation in a separate case when "everyone understood" at the time of sentencing that the probation would not be revoked. *See **id.***, ¶¶3-5, 10-12, 14. Gogin does not establish that there was an analogous understanding here, such as an understanding that he would not receive a prison sentence in the Waukesha County case.

¶19     In sum, for the reasons stated above, we affirm the judgment of conviction and the order denying Gogin's motion for postconviction relief.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. § 809.23(1)(b)5. (2019-20).