STATE of Wisconsin, Plaintiff-Respondent,†

v.

Greyland HEGWOOD, Defendant-Appellant.

Court of Appeals

*No. 82–421. Submitted on briefs September 15, 1982.—
Decided October 19, 1982.*
(Also reported in 326 N.W.2d 119.)

---

† Petition to review granted.

For the defendant-appellant the cause was submitted on the brief of *Donald T. Lang,* assistant state public defender.

For the plaintiff-respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *E. Gordon Young,* assistant attorney general.

Before Decker, C.J., Moser, P.J., and Wedemeyer, J.

MOSER, P.J.   This is an appeal from an order denying Greyland Hegwood's (Hegwood) motion to modify sentence. We vacate the order and remand the cause for a hearing on the merits.

On April 12, 1976, Hegwood pled guilty to one count of rape, party to a crime, contrary to secs. 944.01 and 939.05, Stats., and one count of armed robbery, party to a crime, contrary to secs. 943.32(1)(b)2 and 939.05. Hegwood was sentenced to twenty-five years' imprisonment on the rape charge and to ten years on the armed robbery charge; the two sentences were to run concurrently.

At the time of the guilty plea and sentencing, the crime of rape was governed by sec. 944.01, Stats. (1973), and carried a maximum sentence of thirty years.[1] Subsequently, the legislature repealed sec. 944.01 and created sec. 940.225 in its place.[2] The new sexual assault law carries a maximum sentence of twenty years.[3]

---

[1] Sec 944.01, Stats. (1973), provides:

944.01   Rape.   (1) Any male who has sexual intercourse with a female he knows is not his wife, by force and against her will, may be imprisoned not more than 30 years.

(2) In this section the phrase "by force and against her will" means either that her utmost resistance is overcome or prevented by physical violence or that her will to resist is overcome by threats of imminent physical violence likely to cause great bodily harm.

[2] Sec. 5, ch. 184, Laws of 1975, effective March 27, 1976. The crime of rape itself was abolished and replaced with the crime of sexual assault.

[3] Sec. 940.225(1), Stats.

On December 21, 1981, Hegwood filed a motion to modify his sentence on the ground that, because the maximum sentence for the crime that Hegwood pled guilty to had been reduced to twenty years, a "new factor" was present which he was entitled to have the trial court consider. The trial court, in a written decision rendered February 9, 1982, denied the motion without a hearing determining that the legislative reduction in the maximum sentence did not present a "new factor." An order denying the motion was entered February 24, 1982, from which Hegwood appeals.

The sole issue on appeal is whether a statutory reduction in the maximum penalty for the crime for which Hegwood was sentenced constitutes a "new factor" requiring the trial court to hold a hearing on the merits of Hegwood's motion to modify his sentence.

A person seeking to have his sentence modified must bring a timely postconviction motion in the trial court.[4] However, it is unnecessary to utilize that procedure to preserve such a question if "new factors" are presented to the trial court.[5] Our supreme court has defined a "new factor" as being:

[A] fact or set of facts highly relevant to the imposition of sentence, but not known to the trial judge at the time of original sentencing, either because it was not then in existence or because, even though it was then in existence, it was unknowingly overlooked by all of the parties.[6]

On review of a determination as to whether a set of facts fulfills a legal standard, this court is presented with a question of law.[7] As to questions of law, this court need

[4] Sec. 809.30(1)(f), Stats.

[5] State v. Foellmi, 57 Wis. 2d 572, 582–83, 205 N.W.2d 144, 149–50 (1973).

[6] Rosado v. State, 70 Wis. 2d 280, 288, 234 N.W.2d 69, 73 (1975).

[7] Nottelson v. DILHR, 94 Wis. 2d 106, 115–16, 287 N.W.2d 763, 768 (1980).

not give special deference to the determinations of the trial court.[8]

Hegwood argues that a statutory reduction in the maximum penalty for a crime is a "new factor" which he is entitled to have the trial court consider in a hearing on the merits. We agree.

The trial court denied Hegwood's motion without a hearing. The trial court, in its written decision, determined that a statutory reduction in the maximum penalty was not a "new factor." This decision was based on *Moore v. State*.[9]

We determine that the trial court's reliance on *Moore* was misplaced. In *Moore* the supreme court did not deal with the issue of whether a statutory reduction in the maximum penalty for a crime was a "new factor." The question in *Moore* was whether fundamental fairness requires that a person's sentence be modified because the maximum penalty for the crime had been reduced.[10] The supreme court, citing sec. 990.04, Stats., merely concluded that a reduction in the maximum penalty did not have a retroactive effect.[11] Here, Hegwood is not contending that his sentence should automatically be reduced. He is only requesting a hearing on the merits because a "new factor" is present.

We believe that a statutory reduction in the maximum penalty clearly reflects the legislature's assessment of the gravity of the offense. The gravity of the offense is one of the primary factors to be considered in sentencing a person.[12] The American Bar Association

[8] *First Nat'l Leasing Corp. v. City of Madison*, 81 Wis. 2d 205, 208, 260 N.W.2d 251, 253 (1977).

[9] *Moore v. State*, 83 Wis. 2d 285, 265 N.W.2d 540 (1978).

[10] *Id.* at 310, 265 N.W.2d at 550.

[11] *Id.*

[12] *Elias v. State*, 93 Wis. 2d 278, 284, 286 N.W.2d 559, 561–62 (1980).

Standards for Criminal Justice acknowledges that a statutory reduction in the maximum penalty for the same crime for which the defendant has been sentenced is a factor[13] a trial court can consider when it decides whether to modify a sentence.[14] Therefore, we hold that a statutory reduction in the maximum penalty for the crime committed is a "new factor." Accordingly, we vacate the order of the trial court and remand the cause for a determination of this issue because the trial court refused to consider the penalty reduction and consequently disregarded the "new factor." We add, however, that where a penalty reduction is the only "new factor" presented there is no requirement for an evidentiary hearing on this "new factor" provided that the trial court considers the "new factor" and exercises its discretion with respect to the motion to modify sentence.

*By the Court.*—Order vacated and cause remanded.

[13] The "new factors" standard was originally contained in Standards for Criminal Justice § 6.1(a) (1968). This section was revised and renumbered in 1980. (3 Standards for Criminal Justice § 18–7.1 (2d ed. 1980)). The 1980 revision removes the "new factors" language; however, as the history of the standard points out, "[t]he intent of the revision is to indicate that the power to reduce the sentence within a defined period should not be limited only to those occasions when 'new evidence' or other objective factual information becomes known." (3 Standards for Criminal Justice § 18–7.1, History of Standard at 500 (2d ed. 1980)).

[14] 3 Standards for Criminal Justice § 18–7.2, commentary at 505–06 (2d ed. 1980).