STATE of Wisconsin, Plaintiff-Respondent-Petitioner,

v.

Greyland HEGWOOD, Defendant-Appellant.

Supreme Court

*No. 82–421.· Submitted on briefs June 2, 1983.—Decided July 1, 1983.*

(Also reported in 335 N.W.2d 399.)

For the petitioner the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *E. Gordon Young,* assistant attorney general.

For the defendant-appellant the cause was submitted on the brief of *Donald T. Lang,* assistant state public defender.

WILLIAM G. CALLOW, J. This review arises out of a decision of the court of appeals[1] which vacated and remanded an order of the Milwaukee county circuit court, Judge Michael J. Skwierawski, denying Greyland Hegwood's motion to modify sentence.

On April 12, 1976, Hegwood pled guilty to one count of rape, party to a crime, in violation of sec. 944.01, Stats., 1973, and one count of armed robbery, party to a crime, in violation of secs. 943.32(1)(b), 943.32(2), and 939.05, Stats., 1973. Hegwood was sentenced to concurrent prison terms of twenty-five (25) years for the rape charge and ten (10) years for the armed robbery charge.

At the time of Hegwood's guilty plea and sentencing, Wisconsin law prescribed a maximum penalty of thirty (30) years imprisonment for the crime of rape. Sec. 944.01, Stats., 1973.[2] Subsequently, the legislature repealed sec. 944.01 and created sec. 940.225, in its place. Section 5, Chapter 184, Laws of 1975. The new sexual assault statute carries a maximum sentence of twenty (20) years.

In December of 1981, Hegwood filed a motion to modify his sentence on the ground that the reduction in the

---

[1] *State v. Hegwood,* 109 Wis. 2d 392, 326 N.W.2d 119 (Ct. App. 1982).

[2] Sec. 944.01, Stats., 1973, provided:

"**Rape.** (1) Any male who has sexual intercourse with a female he knows is not his wife, by force and against her will, may be imprisoned not more than 30 years.

(2) In this section the phrase "by force and against her will" means either that her utmost resistance is overcome or prevented by physical violence or that her will to resist is overcome by threats of imminent physical violence likely to cause great bodily harm."

maximum penalty for sexual assault is a "new factor" which he is entitled to have the trial court consider. In a written decision dated February 9, 1982, the trial court denied the motion, holding that a statutory change in the maximum sentence for an offense is not a "new factor." Hegwood appealed. The court of appeals reversed, reasoning that the reduction in the maximum penalty is a "new factor" because it reflects the legislature's assessment of the gravity of the offense.

The sole issue presented on this review is whether a reduction in the maximum statutory penalty for an offense is a "new factor" justifying a postconviction motion to modify a sentence.

It is well established that a trial court has inherent power to modify a criminal sentence. *Hayes v. State,* 46 Wis. 2d 93, 102, 175 N.W.2d 625 (1970) ; *Cresci v. State,* 89 Wis. 2d 495, 503, 278 N.W.2d 850 (1979). A sentence modification motion may be based upon a showing of a new factor. *State v. Foellmi,* 57 Wis. 2d 572, 581, 205 N.W.2d 144 (1973) ; *State v. Wuensch,* 69 Wis. 2d 467, 479, 230 N.W.2d 665 (1975). The existence of a new factor does not, however, automatically entitle the defendant to relief. Whether the new factor warrants a modification of sentence rests within the trial court's discretion.

The term "new factor" has been defined by this court as :

"a fact or set of facts highly relevant to the imposition of sentence, but not known to the trial judge at the time of original sentencing, either because it was not then in existence or because, even though it was then in existence, it was unknowingly overlooked by all of the parties." *Rosado v. State,* 70 Wis. 2d 280, 288, 234 N.W.2d 69 (1975).

Whether a fact or set of facts satisfies this legal standard is a question of law. *Nottelson v. ILHR Department,* 94 Wis. 2d 106, 116, 287 N.W.2d 763 (1980). Accordingly, on review this court need not give deference to the trial court's determination. *First National Leasing Corp. v. City of Madison,* 81 Wis. 2d 205, 208, 260 N.W. 2d 251 (1977). Nevertheless, we agree with the ruling of the trial court. The reduction in the maximum penalty for sexual assault is not highly relevant to the imposition of sentence and, therefore, does not constitute a "new factor."

Sec. 990.04, Stats.,[3] provides that the repeal of a statute shall not remit, defeat, or impair any criminal liability for offenses committed prior thereto unless such criminal liability is specifically and expressly remitted or abrogated by the repealing statute. Criminal liability under the old rape statute was not expressly

___

[3] Sec. 990.04, Stats., provides:

"990.04 **Actions pending not defeated by repeal of statute.** The repeal of a statute hereafter shall not remit, defeat or impair any civil or criminal liability for offenses committed, penalties or forfeitures incurred or rights of action accrued under such statute before the repeal thereof, whether or not in course of prosecution or action at the time of such repeal; but all such offenses, penalties, forfeitures and rights of action created by or founded on such statute, liability wherefor shall have been incurred before the time of such repeal thereof, shall be preserved and remain in force notwithstanding such repeal, unless specially and expressly remitted, abrogated or done away with by the repealing statute. And criminal prosecutions and actions at law or in equity founded upon such repealed statute, whether instituted before or after the repeal thereof, shall not be defeated or impaired by such repeal but shall, notwithstanding such repeal, proceed to judgment in the same manner and to the like purpose and effect as if the repealed statute continued in full force to the time of final judgment thereon, unless the offenses, penalties, forfeitures or rights of action on which such prosecutions or actions shall be founded shall be specially and expressly remitted, abrogated or done away with by such repealing statute."

remitted by its repeal. Therefore, retroactive application of the reduced maximum penalty for sexual assault under the new statute is precluded.

In *Moore v. State*, 83 Wis. 2d 285, 265 N.W.2d 540 (1978), the defendant asked the court to reduce his criminal sentence for rape. He contended that his sentence should be reduced in the interest of fundamental fairness because the maximum penalty for rape had been reduced. Relying upon sec. 990.04, Stats., this court held that the subsequent statutory change in the maximum penalty did not warrant a modification of sentence. In reaching this conclusion, the court stated:

"The repeal of the former statute does not in any way remit; defeat or impair the defendant's criminal liability for the offense committed. Sec. 990.04, Stats. The defendant's argument would be equally applicable in the case of every prisoner now serving a sentence of more than fifteen years for the offense of rape, and, moreover, suggests that every reduction, by the legislature, of the maximum prison term for an offense must be given retroactive effect." *Id.* at 310.

The foregoing authorities establish that the reduction in the maximum penalty for sexual assault shall not operate to reduce the sentence for a previously committed offense. Therefore, such reduction is not highly relevant to the imposition of sentence. We conclude that the maximum penalty reduction does not constitute a "new factor" within *Rosado* and, accordingly, is not a proper basis for a modification of sentence.

*By the Court.*—The decision of the court of appeals is reversed.

SHIRLEY S. ABRAHAMSON, J. (*dissenting*). The majority holds that a legislative reduction of the maximum penalty for the crime for which the defendant was incarcerated is not a "new factor" entitling the defend-

ant to a hearing on the merits of his motion for sentence modification. The majority reasons that because the legislative reduction of the penalty is not automatically retroactive, it is "not highly relevant to the imposition of sentence." (*Supra,* p 547.) I disagree and would affirm the decision of the court of appeals.

I agree that this court's decision in *Moore v. State,* 83 Wis. 2d 285, 265 N.W.2d 540 (1978), precludes an automatic reduction of the defendant's sentence. Like the court of appeals, though, I think that reliance on *Moore* is misplaced. The defendant in this case does not argue that he is entitled to an automatic sentence reduction; he argues only that the legislative reduction of the maximum penalty is a "new factor" providing the jurisdictional prerequisite for the circuit court's consideration of the merits of the motion for sentence reduction. The issue, therefore, is not whether the defendant is entitled to relief, but whether the legislative sentence reduction falls within this court's definition of "new factor," *Rosado v. State,* 70 Wis. 2d 280, 288, 234 N.W.2d 69, 73 (1975), so that the circuit court may consider whether the defendant is entitled to relief. The only issue on this appeal is whether the legislative reduction of the penalty meets the first part of the *Rosado* test, that is, whether the factor is highly relevant.

I conclude, as did the court of appeals, that a legislative reduction in the maximum penalty reflects the legislature's assessment of the gravity of the offense. Since the gravity of the offense is one of the "primary factors to be considered in imposing sentence," *Elias v. State,* 93 Wis. 2d 278, 284, 286 N.W.2d 559 (1980), the legislative change in penalty is highly relevant to a consideration of whether a sentence exceeding the new maximum penalty should be modified. This is not to say that the circuit court should modify the sentence. When the circuit court considers the defendant, the multiple offenses,

the victim, the public interest, the sentence imposed, and other factors, it may decide not to modify the sentence.

I would affirm the decision of the court of appeals and remand this case for consideration of the merits of the petition for sentence modification.