State of Wisconsin, Plaintiff-Respondent,
v.
Owen Andrew Kreinus, Defendant-Appellant.
No. 2004AP1425.
Court of Appeals of Wisconsin.
Opinion Filed: April 19, 2005.
Before Wedemeyer, P.J., Fine and Curley, JJ.
¶1 PER CURIAM.
Owen Andrew Kreinus appeals pro se from an order denying his WIS. STAT. § 974.06 (2003-04)[1] motion seeking to modify his sentence. Kreinus claims that the trial court erred in denying his motion without conducting an evidentiary hearing. Because the trial court did not err in summarily denying Kreinus's motion, we affirm.

BACKGROUND
¶2 On November 20, 1997, Kreinus was charged with first-degree reckless homicide of a man arising out of an incident that occurred on July 26, 1997. The complaint stated that Kreinus admitted to stabbing another individual following a confrontation that occurred as both Kreinus's vehicle and the victim's vehicle passed one another. The confrontation escalated as the vehicle that Kreinus was in followed the victim's vehicle, causing it to stop. Kreinus engaged in a physical confrontation with the victim and eventually produced the knife used to stab the victim to death.
¶3 Kreinus agreed to plead guilty to the charge on January 20, 1998. The prosecutor agreed to recommend a sentence of twenty-five to thirty years in prison and the defense attorney requested twenty to twenty-five years in prison. On February 18, 1998, Kreinus was sentenced to the maximum amount of time in prisonforty years. In pronouncing the sentence, the trial court stressed Kreinus's character and background, the interests of the community in deterring crime, and the community's need for protection from the type of crime that Kreinus committed. The court also noted the fact that Kreinus lived a dual life: one portion of his life reflected a caring and thoughtful individual to his teachers and family, and another portion of his life involved violent crime in connection with the "Simon City Royals." The court learned of this dual life based on the testimony of Kreinus's family and teachers and from the court's own observations during the assault and murder trial of a fellow gang member of Kreinus.
¶4 In March 1998, following his conviction, Kreinus filed a postconviction motion for resentencing. This motion claimed that a new factor warranted resentencingnamely, that Kreinus was willing to testify in a trial against a fellow gang member. Kreinus argued that because the court had referenced Kreinus's gang involvement at sentencing, the fact that he was willing to testify in a trial against one of those gang members presented a new factor highly relevant to sentencing. On March 18, 1998, the trial court denied the motion for resentencing. The court stated that Kreinus's willingness to testify against a fellow gang member was not a factor that would have substantially outweighed the other aggravating factors, and would not have led to a different result at sentencing. An appeal was not pursued from that order.
¶5 More than six years later, on May 11, 2004, Kreinus filed a pro se motion requesting modification of his sentence. In this motion, he claimed the trial court erroneously exercised its discretion and sought to withdraw his guilty plea. The trial court summarily denied that motion on May 12, 2004, ruling that the discretionary claim was untimely and not the proper subject of a WIS. STAT. § 974.06 motion, and that the plea withdrawal claim was procedurally barred by State v. Escalona-Naranjo, 185 Wis. 2d 168, 179, 517 N.W.2d 157 (1994). The court considered the motion as a § 974.06 motion, which made the claim procedurally barred. Kreinus appeals from this order.

DISCUSSION
¶6 Kreinus claims the trial court erred in denying his postconviction motion without conducting an evidentiary hearing. Specifically, he claims the sentencing court erroneously exercised its discretion by failing to consider probation as a sentencing alternative, failing to consider sentences imposed on others for similar offenses, and imposing an unduly harsh sentence. He also claims that he is entitled to plea withdrawal due to new factors, such as his family situation, and mental and physical health. Finally, he asserts that new factors justify resentencing. The State responds that the trial court was not required to conduct an evidentiary hearing in this matter. We agree with the State.
¶7 In addressing the evidentiary hearing issue, we first review the postconviction motion to determine whether it alleges sufficient facts that, if true, would entitle Kreinus to relief. See State v. Bentley, 201 Wis. 2d 303, 309-10, 548 N.W.2d 50 (1996). If the motion satisfies this standard, then the trial court must conduct an evidentiary hearing. See id. at 310. This review presents a question of law, reviewed independently. See id.
¶8 The trial court, however, has the discretion to deny Kreinus an evidentiary hearing if the motion does not contain sufficient facts to entitle him to relief, or if Kreinus presents only conclusory allegations, or if the record conclusively demonstrates that he is not entitled to relief. See State v. Allen, 2004 WI 106, ¶9, 274 Wis. 2d 568, 682 N.W.2d 433. This determination is reviewed subject to the erroneous exercise of discretion standard. Id.
¶9 In summarily denying Kreinus's motion, the trial court held:
The defendant's claims are procedurally barred. A motion for modification based on abuse of discretion must be brought pursuant to section 973.19, Stats., within ninety days of sentencing, or pursuant to section 809.30, Stats., within the appellate time limit. The defendant was sentenced in 1998, and his section 809.30 appellate time limits have expired. A motion filed pursuant to section 974.06, Stats., is limited to jurisdictional or constitutional issues or to errors that go directly to guilt.... The abuse of discretion at sentencing is neither constitutional nor jurisdictional and cannot be raised in a section 974.06 motion.
We agree with the trial court's analysis on this issue.
¶10 The statutory scheme sets forth time requirements for review of sentence challenges. In March 1998, Kreinus, with the assistance of counsel, challenged the sentence, pursuant to WIS. STAT. § 973.19(1)(a) (1997-98). That motion was denied. Kreinus failed to appeal to this court pursuant to WIS. STAT. § 809.30. Because Kreinus's attempt to challenge the trial court's sentence now, six years later, does not comply with the statutory requirements, his claim fails. Ordinarily, claims seeking resentencing cannot be raised in a WIS. STAT. § 974.06 motion. State ex rel. Warren v. County Court, 54 Wis. 2d 613, 617, 197 N.W.2d 1 (1972). Rather, the statute limits the types of claims that can be raised to those of a constitutional or jurisdictional nature.
¶11 In denying Kreinus's motion seeking plea withdrawal, the trial court ruled:
State v. Escalona-Naranjo, 185 Wis. 2d 16[8], 179 (1994), precludes the defendant from pursuing his plea withdrawal claims. Section 974.06(4), Stats., requires a defendant to raise all grounds for postconviction relief in his original motion or appeal. Failure to do so precludes a defendant from raising additional issues, including claims of constitutional or jurisdictional violations, in a subsequent motion or appeal where those issues could have been raised previously. ... In this instance, the defendant had an opportunity to raise these claims in his original postconviction motion. Moreover, the allegations set forth by the defendant are conclusory and do not warrant relief of any kind.
Again, the trial court's analysis is correct. Escalona-Naranjo and WIS. STAT. § 974.06(4) bar multiple postconviction motions, absent a showing of sufficient reason for failing to raise the issue in the original postconviction motion. Here, the record clearly reflects that Kreinus filed a postconviction motion in March 1998. There is no reason why Kreinus could not have raised the issue of plea withdrawal in that motion. All of the facts and circumstances relative to his plea withdrawal claim were known to him at that time. Kreinus has provided no reason to explain why he did not raise plea withdrawal in his original motion. Accordingly, his attempt to raise the issue in this appeal is procedurally barred. Therefore, Kreinus is not entitled to a hearing on the issues presented to the court because he did not comply with the requirements set forth in Escalona-Naranjo.
¶12 Finally, we address Kreinus's claim that a new factor exists justifying resentencing. The trial court did not specifically address this issue. Nevertheless, this court concludes, as a matter of law, that Kreinus failed to satisfy the requisite standard to justify an evidentiary hearing. If a new factor exists, then a sentence may be modified. See State v. Scaccio, 2000 WI App 265, ¶13, 240 Wis. 2d 95, 622 N.W.2d 449. This type of motion is not subject to the customary time limitations under WIS. STAT. § 973.19 and WIS. STAT. RULE 809.30. See State v. Hegwood, 109 Wis. 2d 392, 394, 326 N.W.2d 119 (Ct. App. 1982), rev'd on other grounds, 113 Wis. 2d 544, 335 N.W.2d 399 (1983).
¶13 Whether a "new factor" exists is a question of law that we review de novo. See State v. Johnson, 210 Wis. 2d 196, 203, 565 N.W.2d 191 (Ct. App. 1997). In order for a "new factor" to exist, the defendant must show the court two things by clear and convincing evidence: (1) the factor(s) was/were not in existence or was/were unknowingly overlooked at sentencing, and (2) the court's original intent at sentencing would be frustrated. Id. The new factor must be the thing that frustrates the trial court's original intent; there must be a nexus between the new factor and the frustration. State v. Michels, 150 Wis. 2d 94, 99, 441 N.W.2d 278 (Ct. App. 1989). If a new factor exists, the trial court must exercise its discretion to determine if the new factor warrants a modified sentence. Johnson, 210 Wis. 2d at 203.
¶14 The trial court was correct in not holding a hearing because there were no new factors. Kreinus argues that the sentencing court's referral to his activities in a violent gang constitute reliance on misleading or inaccurate information and that the inaccurate or misleading nature of that information constitutes a new factor. We disagree.
¶15 When the trial court sentenced Kreinus, it clearly indicated that it was relying on Kreinus's gang activity when fashioning the sentence. This does not constitute a new factor because it was referred to at sentencing; it was taken into consideration at sentencing, and was not overlooked or unknown to the trial court. Kreinus argues that this information was not in the record and therefore could not be used during the sentencing. Again, we disagree. The trial court may consider hearsay information when determining what sentence should be imposed on a defendant. United States v. Cardi, 519 F.2d 309, 313 (7th Cir. 1975). "So long as the information which the sentencing judge considers has sufficient indicia of reliability to support its probable accuracy, the information may properly be taken into account in passing sentence." United States v. Marshall, 519 F. Supp. 751, 754 (E.D. Wis. 1981), aff'd, 719 F.2d 887 (7th Cir. 1982). The "new factor" that Kreinus asserts does not pass the first prong of the "new factor" test.
¶16 Kreinus next asserts that his mental disability, namely schizophrenia, is a new factor. Nothing in the record supports the fact that Kreinus was suffering from schizophrenia at the time of sentencing and, in fact, the record points to the opposite conclusion. The record indicates that Kreinus was receiving mental health care while incarcerated and that he was diagnosed with "Schizoaffective disorder" in May of 2002. Kreinus was sentenced in 1998. Therefore, although there has been a change in his mental health condition, it is not a "new factor" that we need to consider. See Michels, 150 Wis. 2d at 99. Mental and physical health considerations that arise after incarceration are decisions best made by the Department of Corrections and/or parole board. State v. Krueger, 119 Wis. 2d 327, 335, 351 N.W.2d 738 (Ct. App. 1984). The diagnosis of Schizoaffective disorder by the prison's mental health care provider does not frustrate the intent of the trial court's opinion and therefore cannot be considered a new factor.
¶17 In sum, Kreinus has failed to demonstrate that the trial court erred. Kreinus failed to provide sufficient facts that, if true, would provide him with relief. His claims are either procedurally barred or simply without merit. Accordingly, we affirm the trial court order denying his postconviction motion.
By the Court.  Order affirmed.
NOTES
[1] All references to the Wisconsin Statutes are to the 2003-04 version unless otherwise noted.