HRUZ, J.
¶1 Dustin Yanda appeals a judgment of conviction for causing injury by intoxicated use of a motor vehicle and an order denying his motion for sentence modification. Yanda discovered after sentencing that he was statutorily ineligible to participate in the Challenge Incarceration Program (CIP) and the Earned Release Program (ERP), despite the circuit court having declared him eligible for those programs at sentencing.[1] Yanda subsequently sought sentence modification, alleging that his statutory ineligibility constituted a "new factor" warranting sentence modification. On appeal, Yanda argues the circuit court applied an improper legal standard when it denied his motion, based upon the court's statement that Yanda's statutory ineligibility for the programs did not "frustrate the purpose of the sentence."
¶2 We conclude the circuit court applied the proper legal standard when determining whether the new factor of Yanda's statutory ineligibility for the CIP and the ERP justified modifying Yanda's sentence. Specifically, we conclude the court's remark-that Yanda's statutory ineligibility did not "frustrate the purpose" of his sentence-did not violate State v. Harbor , 2011 WI 28, 333 Wis. 2d 53, 797 N.W.2d 828. Harbor made clear that there is no independent requirement that a defendant demonstrate that an alleged new factor frustrates the purpose of his or her sentence. Harbor did not, however, state that a circuit court cannot consider, during the exercise of its discretionary authority to determine whether a new factor justifies sentence modification, whether the new factor frustrates the purpose of the defendant's sentence. Accordingly, we hold that the court here did not erroneously exercise its discretion when, in determining whether the new factor of Yanda's statutory ineligibility justified sentence modification, it considered whether that factor frustrated the court's sentencing goals. We reject Yanda's argument to the contrary and affirm.
BACKGROUND
¶3 Yanda and a friend were riding their motorcycles when they collided. Both riders were thrown from their motorcycles and sustained serious injuries. Yanda's friend told police that Yanda struck his motorcycle from behind while they were riding, causing him to lose control and veer into a ditch. Testing at the hospital revealed that the friend had a blood alcohol concentration of .02, while Yanda's blood alcohol concentration was .199.
¶4 Yanda was charged with injury by intoxicated use of a vehicle, injury by use of a vehicle with a prohibited alcohol content, operating a motor vehicle while revoked causing great bodily harm, operating a motor vehicle while intoxicated (OWI) as a fourth offense, and operating with a prohibited alcohol concentration (PAC) as a fourth offense. Pursuant to a plea agreement, Yanda pled no contest to a single count of causing injury by intoxicated use of a vehicle, a violation of WIS. STAT. § 940.25(1)(a). The remaining charges for injury by use of a vehicle with a prohibited alcohol concentration and operating a motor vehicle while revoked were dismissed and read in, while the OWI and PAC charges were dismissed outright. The parties agreed to a joint sentencing recommendation of fourteen months' initial confinement and twenty-four months' extended supervision.
¶5 Upon accepting Yanda's plea, the circuit court proceeded immediately to sentencing.[2] Among other things, the court noted the crime of conviction was a serious felony and it could impose a maximum sentence of seven and one-half years' initial confinement and five years' extended supervision. Yanda's character was a "significant concern" for the court, including Yanda having again been apprehended for driving while intoxicated after the motorcycle accident at issue. The court opined that Yanda did not "understand the risks that you pose to yourself and the risk that you pose to others," and it determined a substantial sentence was warranted to protect the public.
¶6 Given the foregoing considerations, the circuit court rejected the joint sentence recommendation. The court imposed an eight-year sentence consisting of four years' initial confinement and four years' extended supervision. The court then stated: "I'm going to deem you eligible for the Challenge Incarceration and Earned Release programs. My goal is that you participate in those programs because I think you desperately need those programs before you can return to our community." The court also discussed the conditions of extended supervision before adjourning the hearing.
¶7 Approximately eight months after sentencing, Yanda filed a motion for sentence modification. Yanda contended that because he was sentenced for a violation of WIS. STAT. ch. 940, he was statutorily ineligible to participate in either the CIP or the ERP. Yanda asserted that his ineligibility for those programs was a new factor bearing upon his sentence. Consequently, Yanda requested that the circuit court "modify his sentence so he can obtain treatment while on extended supervision."
¶8 The State opposed the motion at a motion hearing. The State conceded Yanda's statutory ineligibility for the programs was a new factor. The State then argued the circuit court should not order sentence modification because Yanda's ineligibility did not justify shortening his sentence merely so that he could obtain treatment. Yanda's attorney responded that the court should reduce Yanda's initial confinement to two years, which was longer than the parties' joint recommendation but more in line with the amount of initial confinement Yanda would have served had he been eligible for and completed the CIP and the ERP.
¶9 The circuit court denied Yanda's motion. It acknowledged it believed at the time of sentencing that Yanda was eligible for the CIP and the ERP, and it determined it was "more reasonable than not to conclude that the factor presented in the brief and argued is a new factor." Nonetheless, the court concluded that the new factor did not justify sentence modification. The court stated its principal concerns at sentencing were "the extremely dangerous behavior that the defendant had engaged in and continued to engage in by allegation[, h]is abysmal criminal record and the actions that caused injury to an identifiable victim." The court stated its goal at sentencing was not "to in some way ultimately reach the joint recommendation that was presented by counsel."
¶10 As to the CIP and the ERP specifically, the circuit court noted the parties at sentencing had not made it a point to request or mention eligibility for either of those programs, even though there was a joint sentencing recommendation. From this, the court inferred that the parties did not think Yanda's eligibility for those programs was a significant issue. The court stated that its goal in making Yanda eligible for those programs was to ensure that he received treatment before being released into the community, so as to protect the public. The court stated that at sentencing, its thought was that "if [Yanda] can ... benefit [from] these programs, that's fine, and I wouldn't bar him from participating in the programs, but it was not the motivating factor in deeming him eligible." As a result of all the foregoing, the court stated it was "not satisfied that based on the fact that [Yanda] was ultimately ineligible for these programs[,] that it frustrated the purpose, the primary purpose of the Court's sentence." Yanda now appeals.
DISCUSSION
¶11 "Within certain constraints, Wisconsin circuit courts have inherent authority to modify criminal sentences." Harbor , 333 Wis. 2d 53, ¶35 (citing State v. Hegwood , 113 Wis. 2d 544, 546, 335 N.W.2d 399 (1983) ). Sentence modification may not be ordered merely upon further reflection or second thoughts. Id. To prevent this from occurring, a defendant must demonstrate the existence of a new factor relating to his or her sentence. Id. , ¶¶35-36.
¶12 A "new factor" is
a fact or set of facts highly relevant to the imposition of sentence, but not known to the trial judge at the time of original sentencing, either because it was not then in existence or because, even though it was then in existence, it was unknowingly overlooked by all of the parties.
Id. , ¶40 (quoting Rosado v. State , 70 Wis. 2d 280, 288, 234 N.W.2d 69 (1975) ). A defendant bears the burden of demonstrating by clear and convincing evidence that a new factor exists. Id. , ¶36. Whether a fact or set of facts presented by a defendant constitutes a new factor is a question of law. Id.
¶13 "The existence of a new factor does not automatically entitle the defendant to sentence modification." Id. , ¶37. Rather, once a circuit court concludes a defendant has presented a new factor, the court then exercises its discretion to determine whether that new factor justifies sentence modification. Id. A court may deny a defendant's motion based on his or her failure to present a new factor as a matter of law, or it may deny the motion because it determines, in the exercise of its discretion, that the alleged new factor would not justify sentence modification. Id. , ¶38.
¶14 Here, Yanda contends the circuit court misapplied these legal principles when it decided his motion for sentence modification. It is undisputed that Yanda was, in fact, not eligible to participate in the CIP and the ERP because of the nature of his offense.[3] Yanda's argument stems from the court's statement that Yanda's statutory ineligibility for the CIP and the ERP did not "frustrate the purpose" of his sentence. Yanda contends that the court's statement in this regard indicates a violation of Harbor 's directive that "frustration of the purpose of the original sentence is not an independent requirement when determining whether a fact or set of facts alleged by a defendant constitutes a new factor." Id. , ¶48. Whether a circuit court applied the correct legal standard is a question of law. State v. Magett , 2014 WI 67, ¶27, 355 Wis. 2d 617, 850 N.W.2d 42.
¶15 In Harbor , our supreme court observed that the new factor case law had proceeded in a divergent fashion, with one set of cases following the Rosado definition of a new factor and another set of cases invoking that definition but also requiring the defendant to establish that the alleged new factor frustrated the purpose of the original sentence. Harbor , 333 Wis. 2d 53, ¶47. The court rejected the latter, additional test and reinforced that the Rosado definition is the correct definition of a new factor for purposes of sentence modification. Id. , ¶52. The court reasoned that imposing a frustration-of-purpose requirement would unduly constrain the circuit court's discretionary authority to correct unjust sentences. Id. , ¶51.
¶16 Yanda's contention-that contrary to Harbor , the circuit court required him to independently establish frustration of purpose with respect to his sentence-does not withstand scrutiny. The State conceded, both before the circuit court and in this court, that Yanda's statutory ineligibility was a new factor, which, again, is a question of law. See Harbor , 333 Wis. 2d 53, ¶36. The circuit court accepted this stipulation and concluded that Yanda had, in fact, presented a new factor. The circuit court stated:
The sentencing transcript, you know, I think brings some context to the issue of the defendant's participation in the Challenge Incarceration and/or Substance Abuse Programs because I think you [have] got to take that in context for purposes of determining, not whether or not it's a new factor, but does it really justify sentence modification?
I would acknowledge I think it more reasonable than not to conclude that the factor presented in the brief and argued is a new factor, that he is statutorily ineligible for these programs, and at the time of sentence, the Court believed he was statutorily eligible.
The question is: Does it justify a sentence modification? Does it frustrate the purpose of the sentence? And in order to determine that, I think you [have] got to look at the basis for the sentence.
Later, the court stated Yanda's motion "had merit," but after a thorough review of the reasons for Yanda's sentence, it concluded in the exercise of its discretion that the new factor Yanda had presented did not justify sentence modification.
¶17 It is therefore undisputed in this case that a new factor exists. The only question, then, is whether the circuit court properly exercised its discretion in denying sentence modification under these circumstances.
¶18 Accordingly, this case comes to us in a materially different procedural posture than the dispute in Harbor . The court of appeals' decision under review in Harbor had treated frustration of the purpose of sentencing as a matter inherent to the definition of a new factor, describing a new factor as "an event or development that frustrates the purpose of the original sentence." Harbor , 333 Wis. 2d 53, ¶31 (quoting State v. Harbor , No. 2009AP1252-CR, unpublished slip op. ¶2 (WI App Mar. 30, 2010)). Consequently, Harbor concerned what requirements were necessary for a defendant to establish the existence of a new factor in the first instance. As we have explained, under Harbor , a court cannot require a defendant to demonstrate, for purposes of establishing the existence of a "new factor," that the alleged new factor frustrated the purpose of his or her sentence. The circuit court did not impose any such requirement here. Rather, the court accepted that a new factor existed, but it concluded, after reviewing the sentencing transcript, that sentence modification was not justified.
¶19 We do not read Harbor to foreclose a circuit court from considering whether a new factor frustrated the purpose of a sentence when deciding whether to exercise its discretionary authority to modify the sentence. Given the nature of the court of appeals' decision in Harbor , it was not necessary for the supreme court to reach that question. But more importantly, our supreme court stated that the line of cases it ultimately rejected "could be read to hold that a fact asserted by the defendant is not a new factor unless the Rosado test is satisfied and the fact also frustrates the purpose of the original sentence." Harbor , 333 Wis. 2d 53, ¶47. The supreme court was concerned that a defendant who was able to demonstrate that a circuit court's entire approach to sentencing would have been different had it been aware of the new factor would nonetheless have his or her sentence modification claim rejected, as a matter of law, because he or she could not also show that the new factor frustrated the purpose of the original sentence. Id. , ¶50. Accordingly, the supreme court was careful to consistently state that it was rejecting frustration of purpose as an "additional" or "independent" requirement. See id. , ¶¶41, 47-48, 52. By making sure a new factor was properly defined, the supreme court appeared primarily concerned with ensuring that circuit courts can be allowed to exercise their discretion in modifying sentences they deem unjust.
¶20 Nowhere in Harbor did the supreme court state that a circuit court is prohibited from considering whether a new factor frustrates the purpose of the sentence when determining whether, in the exercise of its discretion, a new factor warrants sentence modification. Indeed, to the extent Harbor may be read to say anything about a circuit court's exercise of its discretionary authority, the language supports the distinction we draw here. Under Harbor , a circuit court considering whether to modify a sentence based upon a new factor has the weighty responsibility to determine whether, in light of the new information, the original sentence has become unjust. See id. , ¶51. In doing so, the court must necessarily analyze the basis for the sentence it imposed and determine whether it would have acted differently if it had been presented with the new fact or facts. See id. , ¶¶50-51. The purpose for sentence thus necessarily becomes an important consideration in determining whether a sentence was, in retrospect, unjust.
¶21 The circuit court's remarks at the postconviction motion hearing here reflect a careful, deliberative approach to the question of whether the new factor of Yanda's statutory ineligibility for the CIP and the ERP warranted sentence modification. The court reviewed the reasons for its sentencing decision, including its consideration of the relevant factors under State v. Gallion , 2004 WI 42, ¶¶40-41, 270 Wis. 2d 535, 678 N.W.2d 197. It discussed the primary reasons it had articulated for Yanda's sentence, including Yanda's character and criminal history, the seriousness of the offense, his failure to abide by previous driving restrictions, and the threat to the public his conduct presented.
¶22 In the circuit court's view, Yanda's ability to participate in the CIP and the ERP was simply not of much significance to the length of his sentence. Based upon the fact that neither party had mentioned those programs before sentencing, the court reasonably concluded Yanda's participation in them was not of a high degree of importance to the parties. The court explained that it had made Yanda eligible for the programs in an effort to secure treatment for him prior to his release. When the court stated that Yanda's eligibility was not a "motivating factor" for his sentence, the court was, inferentially, explaining that Yanda's sentence would have been no different even if the court had known he was not eligible for the CIP and the ERP. We perceive no basis upon which to conclude that the court erroneously exercised its discretion in any way, including by applying an improper legal standard.
¶23 In sum, we conclude the circuit court complied with Harbor 's dictates and did not otherwise err. It did not make Yanda's new-factor showing contingent upon him demonstrating that the purpose of his sentence had been frustrated. Rather, after concluding that Yanda had presented a new factor in the form of his statutory ineligibility for the CIP and the ERP, the court proceeded to consider whether, in the exercise of its discretion, that new factor justified sentence modification. In doing so, the court could properly consider all relevant factors bearing upon its decision, including whether the new factor frustrated the court's primary sentencing goals. Because we reject Yanda's assertion that the court applied an improper legal standard, we affirm.
By the Court. -Judgment and order affirmed.
Not recommended for publication in the official reports.

The CIP and the ERP are two early release programs that can reduce the amount of initial confinement for qualifying individuals. The CIP provides counseling, treatment, exercise and education to inmates under forty years of age who have a substance abuse problem and meet other conditions. See generally Wis. Stat. § 302.045 (2017-18). The ERP, also known as the substance abuse program, provides treatment to eligible inmates. See generally Wis. Stat. § 302.05 (2017-18). Importantly, for a defendant to have access to the programs while serving his or her initial confinement, one prerequisite is that the sentencing court must have decided at sentencing that the defendant is eligible to participate in such programs. See §§ 302.045(2)(cm) ; 302.05(3)(a)2. (2017-18)
All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

Neither party requested the preparation of a presentence investigation report.

The CIP and the ERP are not available to inmates, like Yanda, who are incarcerated for a violation of Wis. Stat. ch. 940. See Wis. Stat. §§ 302.045(2)(c) ; 302.05(3)(a)1.