COURT OF APPEALS
DECISION
DATED AND FILED

June 2, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP2324-CR**

Cir. Ct. No. **2010CF88**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

  PLAINTIFF-RESPONDENT,

 V.

DARIN E. HAIZEL,

  DEFENDANT-APPELLANT.

APPEAL from orders of the circuit court for Washington County: JAMES H. MUEHLBAUER, Judge. *Affirmed*.

Before Neubauer, C.J., Reilly, P.J., and Davis, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1  PER CURIAM.  Darin E. Haizel appeals from a circuit court order denying his motion for sentence modification.  He also appeals from the order denying his motion for reconsideration.  Haizel contends that the circuit court violated constitutional double jeopardy protections when it removed the possibility of a risk reduction sentence (RRS) from one of his terms of confinement.  Haizel also contends that the Department of Corrections' (DOC) refusal to reduce Haizel's security classification status to minimum custody due to his sentence structure constitutes a new factor justifying sentence modification.  Upon review, we affirm.

## BACKGROUND

¶2  On March 26, 2010, the State charged Haizel with one count of attempted first-degree intentional homicide, three counts of recklessly endangering safety with the dangerous weapon penalty enhancer, and one count of intentionally pointing a firearm at an officer.  The charges stemmed from a shootout between Haizel and Washington County sheriff's deputies.  Haizel ultimately pled guilty to two counts of reckless endangerment with a dangerous weapon; the third was dismissed outright.  The attempted first-degree intentional homicide and intentionally pointing a firearm at an officer counts were dismissed and read in for sentencing.

¶3  At the sentencing hearing, the circuit court sentenced Haizel to thirteen years' imprisonment on the first reckless endangerment count, bifurcated as eight years of initial confinement and five years of extended supervision.  On the second reckless endangerment count, the circuit court also sentenced Haizel to thirteen years' imprisonment, bifurcated as eight years of initial confinement and

five years of extended supervision. The circuit court ordered the sentences to run consecutive to one another.

¶4      Following the circuit court's imposition of sentence, Haizel's counsel asked the court whether the sentence was "risk reduction eligible." The circuit court explained that a risk reduction sentence is "the possibility of getting a reduced sentence serving 75 percent rather than a hundred percent of the confinement time." The circuit court found that "a risk reduction would be appropriate." The circuit court asked Haizel whether he was willing to participate in the programs necessary to receive "a risk reduction type sentence." When Haizel responded affirmatively, the circuit court stated that it "will find Mr. Haizel eligible for a risk reduction sentence."

¶5      On September 12, 2019, Haizel moved to modify his sentence, asking the circuit court to reduce his first term of confinement by twenty-five percent (two years). Haizel argued that the circuit court structured his sentence "with the understanding that he would be rewarded for his participation in RRS programming on two consecutive terms of confinement." The motion stated that due to Haizel's "consecutive sentence structure, it was impossible for him to achieve one of his RRS plan requirements—attaining minimum custody." Thus, Haizel argued that he could not attain the benefit of RRS on his first term of confinement despite fully complying with the other requirements in his RRS plan. Haizel argued that the impossibility of early release on the initial term of confinement constituted a new factor warranting sentence modification.

¶6      The circuit court denied the motion, stating that it "never stated, and never intended Haizel to be eligible for RRS on both sentences." The circuit court referenced the sentencing transcript, noting that it referred to RRS in the singular,

not in the plural, thus intending to limit RRS to Haizel's second sentence only. The circuit court concluded that Haizel failed to establish a new factor justifying sentence modification.

¶7    Haizel moved for reconsideration, again arguing that the circuit court intended to make both of Haizel's eight-year consecutive sentences RRS eligible. Haizel also argued that by eliminating RRS on the first sentence, the circuit court effectively increased his sentence, thereby violating constitutional double jeopardy protections.

¶8    The circuit court denied the motion but did note that the judgment of conviction incorrectly reflected that both sentences were RRS eligible. The circuit court corrected that clerical error by amending the judgment of conviction to indicate RRS eligibility only for Haizel's second sentence. This appeal follows.

## DISCUSSION

¶9    On appeal, Haizel argues that the circuit court's "removal of RRS on [his] first term of confinement … violates double jeopardy." He also contends that "DOC's refusal to reduce [his] security status … to minimum custody during his first term of confinement because of his sentence structure is a new factor that justifies sentence modification." (Bolding and some capitalization omitted.) We address each issue.

### A. Double Jeopardy

¶10    Whether a defendant's double jeopardy protections have been violated is a question of law we review de novo. *See State v. Steinhardt*, 2017 WI 62, ¶11, 375 Wis. 2d 712, 896 N.W.2d 700. "[T]he analytical touchstone for double jeopardy is the defendant's legitimate expectation of finality in the

sentence ….” *State v. Jones*, 2002 WI App 208, ¶10, 257 Wis. 2d 163, 650 N.W.2d 844. That expectation may be influenced by many factors, such as completion of the sentence, the passage of time, the pendency of an appeal, or the defendant's misconduct in obtaining sentence. *Id.* If a defendant has a legitimate expectation of finality in his sentence, then an increase in that sentence violates double jeopardy. *Id.*, ¶9. However, where the defendant cannot show that his sentence was increased and the sentence remains the same, no double jeopardy violation occurs. *See State v. Amos*, 153 Wis. 2d 257, 281-82, 450 N.W.2d 503 (Ct. App. 1989).

¶11    Haizel's double jeopardy argument centers on his contention that the circuit court imposed, and then removed, RRS eligibility from his first sentence. This argument is flawed because at no point during the sentencing hearing did the circuit court impose RRS on both of Haizel's sentences; indeed, the circuit court repeatedly referred to RRS in the singular, stating multiple times that Haizel was eligible for “*a* risk reduction sentence.” (Emphasis added.) The circuit court twice clarified its intention to impose RRS on only one sentence in both its order denying Haizel's motion for sentence modification and its order denying Haizel's motion for reconsideration. Because the circuit court never imposed RRS on both of Haizel's sentences, Haizel's sentence was not unconstitutionally increased. Thus, double jeopardy was not violated.

### B. New Factor

¶12    Haizel also contends that the DOC's failure to place him in minimum custody status constitutes a new factor warranting sentence modification. We disagree.

¶13 "Within certain constraints, Wisconsin circuit courts have inherent authority to modify criminal sentences." *State v. Harbor*, 2011 WI 28, ¶35, 333 Wis. 2d 53, 797 N.W.2d 828 (citing *State v. Hegwood*, 113 Wis. 2d 544, 546, 335 N.W.2d 399 (1983)). A defendant seeking sentence modification has the burden to demonstrate by clear and convincing evidence the existence of a new factor. *State v. Franklin*, 148 Wis. 2d 1, 8-9, 434 N.W.2d 609 (1989). A new factor is a fact or set of facts "highly relevant to the imposition of sentence" but unknown to the court at the time of sentencing, either because the factor did not yet exist or it was overlooked by all parties. *Harbor*, 333 Wis. 2d 53, ¶40. Whether a fact or set of facts constitutes a new factor is a question of law. *Id.*, ¶33. If the facts do not constitute a new factor as a matter of law, the analysis ends. *Id.*, ¶38.

¶14 At the time of Haizel's sentencing hearing, an RRS-eligible inmate was eligible for release on extended supervision after serving no less than seventy-five percent of his or her sentence if he or she completed the programming or treatment plan developed by the DOC and maintained a good conduct record while confined. *See* WIS. STAT. § 302.042 (2009-10).[1] The RRS plan the DOC developed for Haizel required him to attain a "minimum" custody classification. However, the DOC denied Haizel's request for reclassification due to his consecutive sentences. As a result, Haizel contends that it was impossible for him to successfully complete the RRS program during his first of the two consecutive sentences and that this impossibility constitutes a new factor.

---

[1] Risk reduction sentences were eliminated as a sentencing option in 2011. *See* 2011 Wis. Act 38, §§ 13, 92.

¶15    We conclude that under the circumstances of this case, Haizel's inability to achieve a minimum custody classification during his first term of initial confinement is not a new factor because Haizel's completion of the RRS program was not "highly relevant" to his original sentence.  The record supports our conclusion.  First, as we have just discussed, the RRS program was not intended to be available during his first sentence.  Second, in explaining its sentencing rationale, the circuit court did not mention the RRS program.  The circuit court summarized the facts of the case, discussed the relevant sentencing factors, imposed Haizel's sentence, and informed Haizel of the conditions of his extended supervision.  The circuit court then addressed costs, fees, and sentence credit before asking the parties if they wished to discuss anything further.  Only then did defense counsel ask whether the sentence was "risk reduction eligible." Because Haizel's participation in the RRS program was not raised until after the circuit court imposed his sentence, Haizel's participation in that program was not, and could not have been, "highly relevant to the imposition of sentence." ***Harbor***, 333 Wis. 2d 53, ¶40 (citation omitted).  Accordingly, Haizel's inability to reach minimum security status is a not a new factor warranting sentence modification.

¶16    For the foregoing reasons, we affirm the circuit court.

*By the Court.*—Orders affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5. (2019-20).